## JACK SMITH *v.* THE STATE.

1. CRIMINAL LAW. *Former acquittal. Identity of charge.*

    A former acquittal in a case where the defendant was charged with assault and battery, and the use of " profane language in the presence of a congregation assembled for public worship," is no bar to an indictment for *disturbing* religious worship by the assault and battery, and by profane swearing.

2. PLEA OF FORMER ACQUITTAL. *Jurisdiction.*

    A plea to an indictment averring a former acquittal in a justice court is insufficent if it does not show that the alleged act with which defendant is charged was committed within the territorial jurisdiction of the justice of the peace.

FROM the circuit court of Tallahatchie county.

HON. GEO. WINSTON, Judge.

On the 16th day of February, 1889, the appellant was indicted in the court below, the charge being that he " did wilfully and unlawfully disturb the peace of a congregation assembled lawfully at New Hope church for religious worship, by striking and offering to fight Robert Jennings, and saying 'G—d d—. clan of hell,' and other offensive conduct and language to the jury unknown. Contrary, etc."

The defendant filed a special plea setting up that on the 25th day of August, 1888, he had been regularly arraigned and tried before a justice court of the county for the identical offense charged against him in the indictment, and had been acquitted. The affidavit upon which the former trial was had was made a part of the plea, and is in the following words:—

" The state of Mississippi, county of Tallahatchie. Before me, W. D. Solomon, a justice of the peace of the county aforesaid, beat no. 3, J. W. Thomas, who makes oath that J. H. Smith, on or about the 10th day of August, 1888, in the county aforesaid, in said district, did feloniously assault with metallic knucks one R. J. Jennings, in New Hope church, in presence of the congregation assembled for public worship, and did at the same time use profane language in the presence of the congregation assembled, and did

exhibit and use a pair of metallic knucks on the person of R. J. Jennings, against the peace, etc." But the plea did not state that the alleged acts charged in the indictment were committed within the territorial jurisdiction of the justice.

The state demurred to this plea. The demurrer was sustained, and the defendant was given leave to plead over. Thereupon, on the plea of not guilty, he was tried, convicted, and sentenced to pay a fine and costs. From this judgment defendant appeals. A motion for a new trial was overruled, but the record contains no bill of exceptions, and none of the testimony is set out.

*W. S. Eskridge*, for appellant.

1. If appellant had been acquitted in the circuit court of the same offense for which he was indicted, it would be clear that the court erred in sustaining the demurrer to the plea. Under the constitution the defendant cannot be twice tried for the same offense. The record shows that the defendant was duly tried and acquitted for the same offense, and the demurrer admits this. The affidavit charges that the defendant did wilfully disturb the peace of the congregation at New Hope church. The indictment charges the same offense, at the same place. The charges are therefore identical. 1 Bish. Cr. L., § 1051.

2. If the defendant had been tried and acquitted on the charge of assault and battery alone, I maintain that he could not be convicted on the indictment for another offense growing out of the same facts. 1 Bish. Cr. L., §§ 1057, 1060.

The affidavit does not technically charge an assault and battery, but it fully and distinctly makes out the charge of disturbing the congregation assembled for religious worship.

*T. M. Miller*, attorney-general, for the state.

1. The test of the sufficiency of a plea of former jeopardy is whether the evidence necessary to support the second indictment would have been sufficient to procure a conviction upon the first. 1 Wharton Cr. L., § 565.

Here proof of disturbing religious worship by profane language, as charged in the indictment, would have had no tendency to establish the first charge, which was mere assault and battery.

On the trial of the charge contained in the affidavit, a disturbance of religious worship was not necessarily involved. There may have been a silent blow unobserved by the congregation. Proof of this would have established that charge, without reference to any disturbance of worship. The charges are not identical. On this point, see *State* v. *Townsend*, 2 Har. (Del.) 546 ; 2 Russ. on Cr., 54.

It is no bar to an indictment for riot that the defendant has been convicted of an assault and battery growing out of the same transaction. *Freeland* v. *The People*, 16 Ill. 380.

So it has been held that a person may be legally convicted of retailing without a license, and of trading with a slave, though both offenses arise out of the same act. *State* v. *Gargon*, Dudley, 50.

Here the assault and battery, though in a church, does not necessarily include disturbance of worship.

2. In the affidavit the attempt was to charge a felony, and the justice of the peace had no final jurisdiction; hence the judgment is no bar. It is not averred in the affidavit that the congregation was disturbed, or that the defendant *wilfully* did any act tending to such disturbance. Code 1880, § 2767. The court could not have pronounced judgment as to that.

COOPER, J., delivered the opinion of the court.

The demurrer to the plea· of former acquittal was properly sustained. The charge against appellant before the justice of the peace was for an assault and battery, and of that he was acquitted. The indictment against him is for disturbing religious worship by the assault and battery and by profane swearing. Upon this charge he might properly be convicted by evidence of the swearing only. It was not necessary that any evidence should be given of the assault and battery, for it may be that appellant so gently contended with his adversary, that, but for the boisterous use of the language used, the congregation would not have been disturbed.

But the proceedings before the justice did not operate to protect the defendant, for the further reason that it does not appear by the plea that the act with which he was charged before such justice was committed within the territorial jurisdiction of the justice before

whom the trial was had.    Justices of the peace have jurisdiction to try offenses only when committed " in their several districts," unless there be no justice in the district in which the offense is committed, in which case the trial may be had in an adjoining district.    Code 1880, § 2216 ; Acts 1888, p. 88.

Since it does not appear from the plea that the defendant was tried before a justice having jurisdiction of the offense charged, the state was not precluded, if it had elected to do so, from prosecuting an indictment against him for the "assault and battery with brass knucks upon Jennings."

If gentlemen will fight and swear in church, they should see to it that the verdicts of acquittal secured before the justices of the peace are before those having jurisdiction; otherwise they may be subjected to further annoyance by indictment.

*The judgment is affirmed.*

