THE STATE OF KANSAS v. WILLIAM H. SCOTT.

1. PLEA IN BAR—*Evidence*. A plea of former acquittal which is denied may be rebutted by evidence that the verdict was not duly received. Such evidence is not a confession and avoidance.

2. ———— *Preponderance of Evidence*. The issues raised by a plea of former acquittal answered by a general denial must be determined by a preponderance of the evidence.

3. JUROR, *Not Disqualified*. A juror who was in the court-room and heard the evidence upon a plea in bar is not thereby disqualified to serve as a juror in the original case.

4. INFORMATION—*Amendment—Verification*. An information may be amended in substance or form, and may be positively verified, at any time before the defendant pleads.

5. ———— *Testimony*. When the information has been verified by the county attorney upon information and belief, as provided for in ¶ 2543 of the General Statutes of 1889, and also positively verified by another person, the testimony of witnesses other than those whose affidavits are filed by the county attorney may be introduced.

6. RECORD *Must Affirmatively Show Error*. Error is never pre sumed. The record must affirmatively show it. The presumption is that the proceedings of the trial court are correct, and that the jury was duly sworn.

7. REVIEW—*No Ruling by Trial Court*. We cannot say that the court below made an erroneous decision upon a question that it has not been required to pass upon.

8. PROHIBITORY-LIQUOR LAW—*Judgment for Attorney's Fee* Paragraph 2533 of the General Statutes of 1889 authorizes the court to render judgment against the defendant for a reasonable attorney's fee in cases where he is convicted under that section.

MEMORANDUM.—Appeal from Finney district court; A. J. ABBOTT, judge. Prosecution by The State against William H. Scott for violation of the nuisance clause of the prohibitory-liquor law. From a conviction the defendant appeals. Affirmed. The material facts appear in the opinion, filed November 7, 1895.

*A. J. Hoskinson*, and *H. F. Mason*, for appellant.

*F. B. Dawes*, attorney general, *B. F. Stocks*, county attorney, for The State ; *G. L. Miller*, of counsel.

The opinion of the court was delivered by

DENNISON, J. : This is an action in which the defendant is charged with violating ¶ 2533 of the General Statutes of 1889, being the nuisance clause of the prohibitory law.   The information was verified by the county attorney upon information and belief, accompanied by the affidavits of French Taylor, Ed. Jackson and Lucena Blake, taken as provided for in ¶ 2543 and filed August 13, 1894.   On September 25, 1894, upon leave of court first obtained, the complaint was positively verified by Henry W. Crowe.   Upon the trial of this cause, which occurred on February 7, 1895, the defendant entered a plea in bar, to which the plaintiff filed a general denial.   A jury being impaneled to try said plea, it returned a verdict against the defendant thereon.   Several of the errors complained of relate to this plea.   The defendant relied upon a former acquittal, and to sustain the same offered the first part of the following entry, which is to be found in minute book No. 3, at page 370, as kept by the clerk of the district court of Finney county, as to proceedings had on November 16, 1894 :

"State *v*. Scott.   Jury having agreed, return into court the following verdict : 'The state of Kansas, Finney county, ss.   In the district court, twenty-seventh judicial district.   The State of Kansas, plaintiff, *v*. W. H. Scott, defendant.   Verdict : We, the jury impaneled and sworn in the above-entitled action, do upon our oaths find the defendant not guilty. E. C. ADAMS, Foreman.'  Thereupon the foreman stated

that said verdict was an error; that he, as foreman, had signed the wrong blank; whereupon a polling of the jury was demanded and made, each juror stating that said verdict was not his verdict. The court thereupon returned the jury for further consideration, and after agreeing was brought to the bar and returned the following verdict: 'State of Kansas, Finney county, ss. In the district court, twenty-seventh judicial district. The State of Kansas, plaintiff *v.* W. H. Scott, defendant. ' Verdict: We, the jury impaneled and sworn in the above-entitled action, do upon our oaths find the defendant guilty as charged in the information.' ''

It was admitted that this entry referred to this case. The plaintiff introduced the remainder of the entry, being all after the verdict, and introduced the testimony of one member of the jury, who corroborated the facts set forth in the entry. The defendant objected to the introduction of this evidence for the reason that the plaintiff's answer to the plea in bar was a general denial, and the evidence was a confession and avoidance. This contention is not good. The defendant wholly failed to prove a verdict of acquittal. Paragraph 5273 of the General Statutes of 1889 provides that the manner of rendering a verdict in criminal cases shall be the same as in civil cases except as otherwise provided by statute. Paragraph 4379, id., provides:

"The verdict shall be written, signed, by the foreman, and read by the clerk to the jury, and the inquiry made whether it is their verdict. If any juror disagrees the jury must be sent out again; but if no disagreement be expressed and neither party requires the jury to be polled, the verdict is complete and the jury discharged from the case."

This paragraph clearly requires that the verdict must be read by the clerk to the jury and the inquiry

be recovered in an action of this character, a judgment of the court for damages would be erroneous, and cannot be sustained.   No claim is made in this case of any malice upon the part of the officer making the levy, and the rule is well settled that in such a case the measure of damages is the value of the property together with interest and costs in case the same be retained by the officer, and for the retention of the property and costs in case the possession of the property remains with the plaintiff.   When the evidence was concluded in this case it became the duty of the court to determine whether the plaintiff was entitled to the possession of the property in question, and, if so, to what amount of damages he was entitled. And this must be allowed, not for all sums which the admission of testimony may establish, but for such items of damage established by the evidence as the law permits a party to recover in such action.   (Cobbey, Repl., § 972 ;  *Riley v. Littlefield,* 84 Mich. 22 ;  *C. K. & W. Rld. Co. v. Bell,* ante p. 71 ;  same case, 41 Pac. Rep. 209.)   We have examined the authorities cited by counsel for defendant in error, and do not think they support the position taken in his brief.   As the judgment of the court below was based upon a measure of damages which was clearly erroneous, this case must be reversed and remanded for a new trial, and it is so ordered.

All the Judges concurring.