GEORGE C. PRICE v. STATE.

[61 South, 314.]

1. CRIMINAL LAW. *Former jeopardy. Burden of proof. Collusion.*

Where a defendant charged with a crime interposes the plea of *autrefois acquit*—former jeopardy, the burden of proof is upon him to prove he has been acquitted upon the merits of the identical offense he is called upon to answer.

2. CRINIMAL LAW. *Former jeopardy. Collusion.*

It is competent for the state on the trial of a plea of former jeopardy to show that a former acquittal was obtained by collusion.

APPEAL from the circuit court of Harrison county.

HON. T. H. BARRETT, Judge.

Geo. C. Price was convicted of selling intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Neville & Brogan,* for appellant.

The first error to which we call the serious attention of the court was the action of the circuit judge in permitting the district attorney to show the record of the justice of the peace in case No. 1667 on the docket of the justice of the peace, and the record of the justice of the peace in cases Nos. 1593 and 1331. Of course, the theory of the state in introducing this testimony was to create upon the

jury, if possible, the impression that before each term of
the circuit court in Harrison county, Mississippi, George
C. Price was tried by the justice of the peace on the
charge of selling liquors and acquitted. We may admit that
the circumstance was suspicious, but that is all, and no
person can be convicted of any offense in Mississippi on
mere suspicion.   There is nowhere in this record anything
which smacks of collusion between George C. Price and
Justice of the Peace Kelly, and the witness for the state,
or the person who made the affidavit against him; but as
far as the record discloses, everything was regular, and
yet the jury were permitted to take these facts and to infer
therefrom that the judgments of the court of the justice of
the peace in all these cases were fraudulent. The law pre-
sumes that judgments of courts are regular and legal, and
fraud is never presumed, but must be proven, and there is
no evidence in this case establishing fraud of any sort or
kind, and on the testimony this defendant should have had
the peremptory instruction.

The court erred in giving instruction No. 1 for the
state, because there was absolutely no testimony in the
case upon which to support the instruction; no single wit-
ness ever testified that he bought liquor from Price subse-
quent to December 20, 1911, or that Price through anyone
else under his drection and for him in his place of busi-
ness sold liquor subsequent to the 20th day of December,
1911, and we invite the careful attention of the court to
the testimony of the witnesses, Dolan and Lemon, in this
case on that point.

The court erred in charging the jury in giving instruc-
tion 2 for the state, the obnoxious part of the charge being
found in the words in the beginning of the charge, to wit:
"The court charges the jury for the state that the burden
of proving a former acquittal on a charge of selling intox-
icating liquor in Harrison county, Mississippi, on the
20th day of December, 1911, is upon the defendant." As
we understand the law in Mississippi, the burden of proof

104 Miss. 19

is never upon the defendant. This court has repeatedly held that in criminal trials the burden of proof never shifts, but that the burden is always upon the state to show to the satisfaction of the jury, and beyond every reasonable doubt, the guilt of the defendant before his conviction can be asked, and yet the court seriously tells the jury that the burden of proof is upon the defendant to prove a former acquittal. All that the defendant would be required to do under the law at all would be to raise a reasonable doubt of his guilt, and the proof with reference to a former acquittal could be and would be no higher than the proof on any other phase of the case.

The court erred in giving instruction No. 3 for the state which is more objectionable than instruction No. 2 where he again asserts that the burden of proof of a former acquittal is not only upon the defendant, but also that the burden is upon the defendant to prove that on the trial of said cause more than one sale of intoxicating liquor in Harrison county, Mississippi, was inquired into by the state, and we submit that these two instructions are absolutely violative of all the rules which have prevailed in Mississippi for all time in the trial of criminal causes.

The record in this case discloses that this defendant was arrested upon an affidavit before J. R. Kelly, a justice of the peace, that he was tried, and witnesses were examined, that the sales of liquor by him prior to the 20th day of December, 1911, were inquired into, and that after hearing the testimony, the justice of the peace discharged the defendant; and yet, notwithstanding this trial, without the slightest evidence of fraud or of collusion or of wrong, this defendant is again placed upon trial for the same offense and is convicted and a severe penalty imposed by the court in this case.

While the vigorous prosecution of persons for crime is to be commended, yet there is a matter of greater moment and importance and that is that the court shall see that no citizen of the state is improperly convicted of any offense.

*Geo. H. Ethridge* assistant attorney-general for the state.

I submit that the appellant in this case has not pressed his plea of former acquittal to a trial; that he should have had the matter tried separately and apart from the question of his guilt or innocence and the jury should have been required to respond on this issue under proper instructions of the court, and that not having pressed this issue to a decision on its merits, and there being no verdict on this proposition, that the appellant by going into trial on the merits must be taken to have waived any benefit of his plea. The burden was on the defendant to establish by competent evidence the identity of the crime charged, or that he was entitled to the benefit of the former adjudication. If mistaken in this position, and if the matter was properly referred to the jury for decision, in connection with the question of guilt or innocence I submit that the proof in this case shows that George Price, the appellant, was conducting a pool room in the city of Gulfport, Harrison county, Mississippi, and that it was his habit, and the habit of those employed by him to sell intoxicating liquors in connection with the said business, and that witnesses for the state testified that they had procured liquors from the said "joint" subsequent to the alleged trial in the justice of the peace court.

The circumstances disclosed in evidence with reference to the alleged trial before the justice of the peace are extremely favorable to the conclusion that it was a mere fraud on the law, and that these blind tiger liquor dealers in Gulfport had the habit of procuring an alleged prosecution before Kelly to protect themselves against indictments in the circuit court. It being shown especially with reference to Price that for a period of two years, he had been hailed before the justice's court, a few days prior to the term of each circuit court, charges preferred of selling liquors, and of keeping liquors for sale in violation of law, and in each instance the justice acquitted him,

for the evident purpose of giving him a clean bill of health so far as the circuit court was concerned.

On the issue submitted to the jury, which was the issue of fraud in the procurement of these acquittals, and alleged trials, a wide latitude was allowed, and it was competent to admit all the testimony which was admitted for the purpose of showing that the prosecution and trial had before the justice of the peace was instituted and had for the very purpose of defeating the circuit court of jurisdiction. The state was not on this issue, confined to one particular trial but had the latitude to show the character in numbers of instances where the same results was reached, and reached by means of bringing in people or blind tigers, having them sworn and called as a witness against the appellant, and generally one of them would swear to buying liquors on numbers of occasions, at different times and places, and thereupon they would call numbers of other persons who would swear they wouldn't believe the witness on oath, which was a kind of salve to the conscience of the justice, and he would promptly take the view that the witness against Price, and others of his ilk, were not worthy of belief, and would acquit him.

In passing on questions of this kind, the court will bear in mind that the jury in the court below, having all the issues before them, hearing the witnesses, and judging of their appearance, character, truthfulness, and other qualities that can be better judged by the eye than by the cold type of the record, found as a fact that this was necessarily a fraud by their verdict, if they could consider the question at all, which they evidently did, as the court gave instructions as to the former trial, and the whole matter seems to have been before the jury at one time.

Since the enactment of section 1762 of the Code of 1906 undertaking to give the state power to introduce any number of sales in order to convict an illicit liquor dealer, and giving to the defendant the benefit of acquittal in all other offenses than that of which he is convicted these illicit liquor dealers have "gotten wise," and in almost

every county, just preceding the term of the circuit court, they rush before some justice of the peace, and have a trial of the same kind as this appellant had, having some person friendly to them make an affidavit on information and belief, and then summon a disreputable character to prove the offense, and then utterly crushing and breaking him down by witnesses, who will swear they will not believe him on oath, and it seems that the section which was intended to facilitate the breaking up of the blind tiger business has become a means of giving him practical immunity from his crime, the justice of the peace seldom imposing imprisonment, and only for a conviction, imposing a very small fine, and frequently giving him a verdict of acquittal.

Of course, the court does not assume, and cannot presume, fraud on the part of these justices, but until the contrary appears, it must presume that they act in good faith; but when the matters are put in a record that appear in this record, the common sense of the court and of the jury is driven to the conclusion that it is a fraudulent scheme to deprive the state of the power to handle evil, and that these convictions are set aside because the justices had gotten hold of it, and fraudulently nullified the law by a false trial, then the state had just as well give up its warfare against this nefarious traffic.

In the case at bar, it appears that the justice of the peace himself was an habitual drunkard, and has been confined in an insane hospital to be treated for the liquor habit seven days after the alleged trial before him of the appellant. Manifestly, he was in that stage that men get in who drink immense quantities of liquor and where they become the willing and ready tool of any man who will cater to their thirst for intoxicating liquors. The court seems to have given the appellant as well as the state a fair trial, and submitted all issues to the jury under proper instructions, and as the jury found the facts, their verdict should necessarily be final. I quote from this

court in a recent case on this proposition, in the case of *Brown* v. *State*, 60 South. 726, as follows:

"Where there is a conflict in the evidence, it is plainly a question for the decision of the jury, and though it may be conceded that the appellate court sitting as a jury would have rendered a different verdict, that affords no reason, under our system, for reversal." Bearing this in mind, the person convicted of crime by a jury, can save much time, expense, and suspense by submitting to the inevitable.

Cook, J., delivered the opinion of the court.

Appellant was tried for and convicted of the rare crime of selling intoxicating liquors. A plea of *autrefois acquit*—former jeopardy—was interposed by defendant. We think it unnecessary to comment upon the numerous assignments of error, as none of them, save one, are of any interest to anyone except appellant, and are devoid of merit.

Upon the trial of the plea of former jeopardy, the court instructed the jury that the burden of proof was upon the defendant to establish his plea. It is insisted that this was manifestly wrong. When the guilt of the defendant is in question, he is protected by the presumption of innocence; but when a former acquittal is in question, the defendant has no such presumption to aid him. The plea of former acquittal is not a plea upon the merits; it is not an inquiry as to what the defendant has, or has not, done, and is, therefore, not of a criminal nature. It is a collateral inquiry as to what action the court has taken on a former occasion. The defendant must prove that he has been acquitted upon the merits of the identical offense he was called upon to answer. *Rocco* v. *State* 37 Miss. 357; *Brown* v. *State* 72 Miss. 95, 16 South. 202; *State* v. *Ellsworth*, 131, N. C. 773, 42 S. E. 699, 92 Am. St. Rep. 790; *State* v. *Scott*, 1 Kan. App. 748, 42 Pac. 264. In some jurisdictions a *prima facie* presumption of former jeopardy arises from the identity of the indictments in material as-

pects; but the weight of authority, including this court, requires the defendant to show, upon the trial of offenses which in their nature are capable of repetition, the identity of the former and subsequent offenses.

It was competent for the state to show that the former acquittal was obtained by collusion, and we think the evidence warranted the submission of this issue to the jury.

*Affirmed.*