No. 31,330

THE STATE OF KANSAS, *Appellee*, v. G. L. LOVELL, alias FRED HARTMAN, *Appellant*.

(34 P. 2d 578.)

Opinion filed July 7, 1934.

*R. E. Angle*, of Wichita, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, and *Lester M. Goodell*, county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of robbery in the first degree and appeals, presenting two specifications of error for our review.

The first of these is that the trial court pronounced judgment and sentence on defendant without first ruling on his motion for a new trial. The assumption that such an incident happened is based on nothing more tangible than that in the arrangement of the papers attached to and filed with the notice of appeal the journal entry of judgment and sentence precedes the journal entry which records the trial court's ruling on the motion for a new trial.

The next error urged is "that the jurors who tried this appellant heard and listened to two previous trials involving the same facts, circumstances, witnesses, evidences and transactions." This claim appears to be gratuitous, as it is not established by the record. If it were, the results of a criminal trial and conviction could not be vitiated on that account when counsel for defendant failed to bring that fact to light when the jurors were being examined on their *voir dire*, and before they were sworn to try the cause. The examination of the jurors is not submitted for our review, but we are bound to assume that the usual questions were asked and satisfactorily answered, showing that they had neither formed nor expressed any opinion concerning the guilt or innocence of the defendant. In *State v. Scott*, 1 Kan. App. 748, 42 Pac. 264, it was held that a juror who was in the court room and heard the evidence upon a plea in bar was not thereby disqualified to serve as a juror in the main case. In *State v. Jackson*, 27 Kan. 581, it was held that a defendant was precluded from raising an objection to the qualification of two jurors after the verdict was rendered when no such objection was raised on their *voir dire*.

See, also, note on disqualification of jurors as ground for new trial in 18 L. R. A. 473 *et seq.;* 35 C. J. 347; and 16 R. C. L. 286, 287.

No semblance of error appears in this record, and the judgment is affirmed.