BERRY *v.* STATE.

(In Banc. Feb. 14, 1944.)

[16 So. (2d) 629. No. 35327.]

Caruthers Gholson, of Port Gibson, for appellant.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

Argued orally by **Caruthers Gholson**, for appellant, and by **R. O. Arrington**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted upon an indictment charging him with assault and battery with intent to murder one Margaret Bradley. On the merits, the case is simply one of conflicting testimony, and we are unable to say that the verdict is manifestly against the great weight of the evidence. Nor do we find any reversible error in the matter of the instructions.

The offense was committed by the use of a shotgun. Only one shot was fired, but the scattering missiles also struck and seriously wounded Annie Bradley, a sister of Margaret, the two girls being near each other at the time. A similar indictment was returned for the offense against Annie, and upon the trial of that charge appellant was acquitted. The point is now made that the previous acquittal bars a prosecution on the indictment now before us.

There is a conflict of authority as to whether there may be more than one prosecution where different persons are killed or wounded by a single shot or blow or by the same act. The leading cases and annotations are cited in 26 Am. Jur., p. 277 and 22 C. J. S., Criminal Law, section 298, p. 452. We believe that the view that each injury is to be regarded as constituting a separate or dis-

tinct offense is sustained by the weight of authority and by the better reason. This view has been supported by many illustrations found in the reported opinions, and we venture to add one of our own.

If, for instance, knowing that a person is alone in a house and is so ill as to be unable to move, an accused sets fire to the house in order thereby to burn to death the disabled person, and such is the result, there would be but one act, the setting of the fire, but there would be two offenses, arson and murder, one against the person and the other against the property. If, then, there were two disabled persons in the house, like reason would produce the result that three offenses were committed. To pursue the illustration further: Had one of the inmates succeeded, although severely burned, in crawling from the fire, and thereby survived, it would hardly be contended that the conviction or acquittal of the accused for the attempt upon the life of the survivor would bar a prosecution for the murder of the other. Thus, in point of law, the offenses are distinct, although the product of a single act.

Affirmed.