342 So.2d 312 (1977)
Phillip G. YATES
v.
STATE of Mississippi.
No. 49496.
Supreme Court of Mississippi.
February 16, 1977.
Phillip G. Yates, pro se.
A.F. Summer, Atty. Gen. by Catherine Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
LEE, Justice:

ON PETITION FOR WRIT OF ERROR CORAM NOBIS
This is a pro se appeal by Phillip G. Yates from an order of the Circuit Court of *313 George County denying his Petition for Writ of Error Coram Nobis and Motion to Vacate Judgment. We affirm.
On February 18, 1964, Yates was indicted for murder, armed robbery and kidnapping by the George County Grand Jury and he entered pleas of guilty to all three (3) indictments. A jury was impaneled to determine punishment on the murder charge, and the court sentenced him to death upon return of the jury verdict. Sentences were not imposed on the guilty pleas to armed robbery and kidnapping.
This Court reversed the case, it was tried again, and Yates was sentenced to death a second time. For a period of eight (8) years the case was litigated in the State and Federal courts when finally, in 1972, the Federal court directed the State trial court to resentence Yates to a term prescribed by law, but for less than the penalty of death. Yates v. Cook, 408 U.S. 934, 92 S.Ct. 2850, 33 L.Ed.2d 746 (1972); Yates v. Breazeale, 466 F.2d 500 (5th Cir.1972).
Appellant was resentenced on November 13, 1972, to life imprisonment on the murder charge, and, at the same time, he was sentenced to life imprisonment on the armed robbery charge, and to thirty (30) years imprisonment on the kidnapping charge, the sentences to run consecutively. He contends the judgments on the armed robbery and kidnapping charges should be vacated, or, in the alternative, he should be allowed to enter pleas of not guilty to those charges, and he assigns the following errors:
(1) The charge of murder is a greater offense, and the charges of armed robbery and kidnapping are essential, interrelated elements of appellant's murder charge, therefore, the lesser charges are merged in the greater charge.
(2) Appellant was not sentenced on the armed robbery and kidnapping charges for eight (8) years, thereby denying him the right to a speedy trial.
(3) After a delay of eight (8) years appellant should have been allowed to change his plea from guilty to not guilty on the charges of armed robbery and kidnapping.

I.
Did appellant's three guilty pleas on charges of murder, armed robbery and kidnapping merge into the murder charge?
Appellant was indicted [see Appendix] for murder under Mississippi Code Annotated § 97-3-19(1)(a) [Section 2215, Mississippi Code of 1942  amended 1974 to provide for capital murder]. That section follows:
"The killing of a human being, without the authority of law, by any means or in any manner, shall be murder in the following cases:
(a) When done with deliberate design to effect the death of the person killed, or of any human being;
(b) When done in the commission of an act eminently dangerous to others, and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual;
(c) When done without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, arson, or robbery, or in any attempt to commit such felonies."
Subsection (c) is the felony-murder statute, and the argument of appellant assumes that he was indicted under that section resulting in double jeopardy to him in violation if his constitutional rights. Appellant's written confession introduced on the murder trial indicated that "[H]e got scared and did not know what to do, and he decided to kill Gordon." Yates v. State, 251 Miss. 376, 392, 169 So.2d 792, 800 (1964).
It is clear from that case Yates knew he was entering pleas of guilty to three (3) separate and distinct charges and indictments.
This Court discussed double jeopardy in Burton v. State, 226 Miss. 31, 79 So.2d 242 (1955):
"The prohibition of the common law and of the constitution is against a second jeopardy for the same `offense', that is, for the identical act and crime. Teat v. State, 53 Miss. 439, 24 Am.Rep. 708; *314 Smith v. State, 67 Miss. 116, 7 So. 208; Huffman v. State, 84 Miss. 479, 36 So. 395; Cutshall v. State, 191 Miss. 764, 4 So.2d 289; Berry v. State, 195 Miss. 899, 16 So.2d 629. Or, as expressed in a number of cases, to entitle the accused to plead former jeopardy, the offenses charged in the two prosecutions must be the same in law and in fact. 22 C.J.S. p. 414, Criminal Law, par. 278; and cases cited.
There is a distinction between an offense and the unlawful act out of which it arises. And the test is not whether the accused has been tried for the same act, but whether he had been put in jeopardy for the same offense. State v. Rose, 89 Ohio St. 383, 386, 106 N.E. 50, L.R.A. 1915A 256; State v. Billotto, 104 Ohio St. 13, 135 N.E. 285; People v. Allen, 368 Ill. 368, 14 N.E.2d 397; State v. Fredlund, 200 Minn. 44, 273 N.W. 353, 113 A.L.R. 215.
In the case of State v. Rose, supra, the Court said:
`The words "same offense" means same offense, not the same transaction, not the same acts, not the same circumstances or same situation * * *. It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the "same offense". The usual test accepted by the text writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy.'
In the case of Rocco v. State, 37 Miss. 357, the Court held that, in order to render the defense autrefois convict or acquit effectual, the defendant must not only show the record of his former conviction or acquittal, but he must show by evidence aliunde the identity of the offense of which he was formerly convicted or acquitted with the offense charged in the indictment to which the defense is made. In the case of Price v. State, 104 Miss. 288, 61 So. 314, the Court held that, where a defendant charged with a crime interposes the plea of autrefois acquit  former jeopardy, the burden of proof is upon him to prove he had been acquitted upon the merits of the identical offense he is called upon to answer.
It is generally agreed that `A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently, a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed." 226 Miss. at 40-41, 79 So.2d at 246-247.
Appellant, in contending that he was convicted of a felony-murder, relies on State, ex rel. Wikberg v. Henderson, 292 So.2d 505 (La. 1974). The case involved an attempted armed robbery in which the store owner was shot to death. The State admitted that it prosecuted under the felony-murder provision. After defendant's conviction of murder, the State later charged him with attempted armed robbery. The Louisiana Supreme Court held that the double jeopardy clause of the Constitution barred a prosecution for attempted armed robbery, but stated:
"It should be made clear that nothing in this opinion is intended to indicate that in no event can an offender who goes on a crime spree and violates numerous statutory provisions be prosecuted for more than one offense without violating the prohibition against double jeopardy. See the examples of valid prosecutions of multiple crimes committed within a narrow time span in the recent cases of State v. Richmond [284 So.2d 317 (La. 1973)], supra, and State v. Pettle [286 So.2d 625 (La. 1973)], supra. Nor do we mean to imply that one who robs and then kills his victim cannot be prosecuted for both crimes. To do so, however, the state must prosecute the murder indictment solely under the intentional murder, rather *315 than the felony-murder, paragraph of the La.R.S. 14:30." (Emphasis supplied) 292 So.2d at 511.
We are of the opinion that the robbery and kidnapping charges did not merge in the murder charge in this case, and there is no merit in this assignment of error. However, we do not hold or imply that where two crimes are connected in a chain of events or occur as part of the res gestae, the crime of capital murder may not be sustained under Mississippi Code Annotated § 97-3-19(2)(e) (Supp. 1976).

II.
Was appellant denied a speedy trial since he was not sentenced on the armed robbery and kidnapping charges for a period of eight (8) years?
Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), discussed whether a defendant had been deprived of his constitutional right to a speedy trial, and the Court set forth the following factors for that determination: (1) length of time, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. The showing of a mere lapse of time is not enough to establish denial of a speedy trial. Fleming v. United States, 378 F.2d 502 (1967). The delay must not be purposeful or oppressive. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957).
After plea of guilty, a defendant is in the custody of the court, and he so remains subject to being sentenced at a later term. The court retains full jurisdiction over him and the case. White v. State, 214 Miss. 235, 58 So.2d 510 (1952).
United States v. James, 459 F.2d 443 (5th Cir.1972), involved the conviction of a defendant in June, 1968, and the imposition of sentence in March, 1971. The Court said:
"There was unreasonable delay based on the District Court's misunderstanding of the law, but the appellant has suffered no meaningful loss of or injury to his rights. Shortly after the initial sentence was given in 1968, and before the time that any delay in sentencing in the present case could be said to be unreasonable, appellant was sentenced in the United States District Court for the Northern District of Texas to a six year term on a plea of guilty to burglarizing a Texas bank. At the time of his arrest appellant was a fugitive from New Mexico under a 12-year sentence for maiming and from Mississippi under a three-year sentence for armed robbery. These sentences are presently unserved. Also there were charges pending against him in Louisiana. Appellant's claim that the § 4208(b) commitment, not made final, deprived him of chance for a parole is purely hypothetical in the circumstances of this case. The District Court did not err in refusing to vacate the sentence. Nor was there error in refusing to conduct a plenary hearing with oral testimony, at the time of final sentencing, to allow appellant to present evidence which he claimed would show he had been rehabilitated since the 1968 study was completed. This was a matter in the discretion of the sentencing judge." 459 F.2d at 444-445.
In Scott v. United States, 434 F.2d 11 (5th Cir.1970), the Court stated:
"This Court holds that the mere lapse of time that occurred here, without petitioner undergoing any actual imprisonment to which he was sentenced by Judge Clayton, does not constitute service of that sentence, and this sentence remains subject to be executed, notwithstanding the delay in executing it. This is definitely the ruling of the Fifth Circuit Court of Appeals in the case of United States ex rel. Mayer v. Loisel, 25 F.2d 300, with annotation to the same effect in 98 A.L.R.2d 688, which recognizes the general rule that delay in executing sentence of imprisonment does not ordinarily preclude subsequent enforcement of the sentence. That is peculiarly appropriate in those cases where the convicted party had himself been instrumental in causing the delay in execution or where the delay was occasioned by appeal or purported *316 appeal in connection with legal proceedings." 434 F.2d at 23.
Yates served eight (8) years on death row while exhausting his remedies in the murder conviction. He made no request for sentence in the armed robbery and kidnapping cases as was required by Cummings v. State, 219 So.2d 673 (Miss. 1969), and he was not prejudiced by failure of the court to impose sentence. We are of the opinion that this assignment is without merit.

III.
Should appellant have been permitted to change his plea of guilty to not guilty on the charges of armed robbery and kidnapping?
Yates contends that before he was sentenced on the armed robbery and kidnapping charges, he made an oral motion to withdraw his guilty pleas. The record does not support this contention. The judgments on said pleas state "... and he had naught to say." In Shelton v. Kindred, 279 So.2d 642 (Miss. 1973), the Court stated:
"The burden rested upon appellant to see to it that the record contained all data essential to an understanding and presentation of matters relied upon for reversal on appeal. Willenbrock v. Brown, 239 So.2d 922 (Miss. 1970).
This Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record. It must be presumed that the rulings of the trial court were correct, and such presumption will prevail, unless the actual record supports the contrary view." 279 So.2d at 644.
The matter of permitting a defendant to withdraw a guilty plea and to enter a plea of not guilty is within the sound discretion of the trial court, although that discretion should be exercised in favor of innocence and liberty, and, where the motion is timely made, the court should administer the law and hear the motion on its merits, if possible. Lambert v. State, 245 Miss. 227, 147 So.2d 480 (1962).
The motion should be accompanied by an affidavit setting forth that the defendant had a meritorious defense or was innocent of the charge or that he had pleaded guilty under mistake or duress, and where this procedure is not followed (which was not done here), the court cannot be put in error for declining to set aside the guilty plea. Langston v. State, 245 So.2d 579 (Miss. 1971).
Yates was represented by competent counsel, and his rights were protected under the law. His pleas of guilty were not mere admissions of guilt, but were tantamount to convictions and were as conclusive as a jury verdict. We are of the opinion that there is no merit in this assignment.
For the reasons stated, this Court affirms the lower court's denial of the Petition for Writ of Error Coram Nobis.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.

APPENDIX
 STATE OF MISSISSIPPI | In the Circuit Court in
 > and for said County
 GEORGE COUNTY | at the February Term
 thereof, in the year of
 our Lord, 19 64 
THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful men of said County, duly elected, empanelled, sworn and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That

Phillip G. Yates
late of the County aforesaid, on the 27th day of January in the year of our Lord, 19 64 , in the County and State aforesaid, and within the jurisdiction of this Court, unlawfully, wilfully, feloniously, and of his malice aforethought, did, then and there, kill and murder one Jerry Gordon a human being, against the peace and dignity of the State of Mississippi.
 /s/ Donald W. Cumbest 
 District Attorney.