LEE, Justice,
for the Court:
James E. Johns was indicted in the Circuit Court of Grenada County for robbery, the charge was reduced to grand larceny, and he was tried and convicted. The trial judge sentenced him to four (4) years in the *245 Mississippi State Penitentiary, and he appeals here.
On May 14, 1977, James Johns, Curtis Bailey and John Bailey were riding in Johns’ automobile visiting beer joints in and around Grenada County when they exhausted their supply of money. Johns indicated that he knew where they could get some money, and they drove to a pool hall and found Howard Morphus who worked in the place and whom Johns knew, and then drove to another beer joint near the Grenada-Calhoun County line. After planning to rob Morphus, they left the establishment with him and drove to a little-used gravel road in Grenada County. At that point, they pretended to have a flat tire. Mor-phus got out of the car, began walking away toward the highway, and Curtis Bailey struck him over the head with a monkey wrench. The sum of three hundred sixty-five dollars ($365.00) then was taken from his person. The conspirators, evidently thinking Morphus to be dead, drove off [leaving him alongside the road] and divided the money taken from Morphus. However, Morphus revived and subsequently the robbers were apprehended by the sheriff’s department. The officers accompanied Bailey and Johns back to the scene of the robbery and found the monkey wrench, and a twenty-dollar ($20.00) bill lying in the road. They also observed signs indicating where a scuffle had occurred. Curtis Bailey testified on behalf of the State at the trial.
I.
Did the trial court err in denying appellant’s motion for a new jury panel on the ground that the jurors were prejudiced by the appellant attempting to enter a plea of guilty?
On the day the case was set for trial, the district attorney moved in open court that the charge in the indictment be reduced from robbery to larceny, which motion was granted. The district attorney then announced that appellant’s attorney had a statement for the court. Appellant’s attorney said that appellant wished to change his plea from not guilty of robbery to guilty of larceny. Upon being questioned by the trial judge, the attorney assured him that he had advised appellant as to his constitutional rights.
The trial judge then interrogated the defendant as to whether or not he wished to change his plea, whether he was satisfied with his attorney, whether he knew that he was entitled to a trial by jury, all of which was answered in the affirmative. The judge then asked appellant whether he was guilty of the charge, and the appellant said, “I guess I am, I was there.” He again was asked the same question and again gave the same response. Thereupon, the judge declined to accept the guilty plea and the case proceeded to trial. Previous to that action, appellant’s attorney asked to withdraw as counsel, which request was refused.
Appellant objected to the jury on the ground that he was prejudiced by what had transpired before it. The voir dire of the attorneys does not appear in the record, but the trial judge stated that the panel had been thoroughly voir dired and that no jur- or indicated any prejudice or bias on account of what had happened. The entire record is absent any evidence or indication that the jury was prejudiced on account of what had transpired or that appellant did not receive a fair trial..
In Yates v. State, 342 So.2d 312 (Miss.1977), where the record did not indicate prejudice on the part of the jury, and, in holding that in such situation the rulings of the trial court must be presumed to be correct, the Court said:
“In Shelton v. Kindred, 279 So.2d 642 (Miss.1973), the Court stated:
‘The burden rested upon appellant to see to it that the record contained all data essential to an understanding and presentation of matters relied upon for reversal on appeal. Willenbrock v. Brown, 239 So.2d 922 (Miss.1970).
This Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record. It must be presumed that the *246 rulings of the trial court were correct, and such presumption will prevail, unless the actual record supports the contrary view.’ 279 So.2d at 644.” 342 So.2d at 316.
This is the second case appearing before us in the last ninety (90) days which has involved this question.
Although the trial judge did not err in the present case, in order to avoid possible reversible error in the future, we suggest that trial judges devise methods in accordance with their local facilities and procedures to prevent such situations from occurring.
We have carefully reviewed the other contentions of appellant that the trial court erred in allowing testimony of Deputy Sheriff Carroll relating to confessions made by appellant, the overruling of an objection to arguments made by the district attorney, and failure to grant appellant’s motion for judgment notwithstanding the verdict, and find them to be without merit. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.