KING, P.J.,
for the Court:
¶ 1. This is an appeal from the denial of post conviction relief by the Circuit Court of Monroe County, Mississippi. Massen-gill suggests that the alleged errors committed by the trial court are such that this court should reverse and render.
¶2. Massengill’s alleged error follow verbatim:
Whether or not the fourteen month delay in sentencing coupled with ineffec *494 tive assistance of counsel prejudiced the Appellant to the extent that his right to due process and a speedy trial were violated requiring this court to vacate the sentence and discharge the Appellant. Finding no error, this Court affirms the denial of post conviction relief.
FACT
¶ 3. On March 16, 1992, Massengill was indicted in Monroe County on two counts of burglary. On May 3, 1993, Massengill entered guilty pleas on both counts. The trial court deferred sentence to allow Mas-sengill an opportunity to make some restitution to his victims.
¶ 4. On July 27, 1994, the trial court sentenced Massengill to seven years on each plea, with the time to be served consecutively.
¶ 5. Following the entry of his guilty pleas, but prior to sentence, Massengill was indicted in Lowndes County as an habitual offender. The basis for indictment as an habitual offender was the two guilty pleas entered on May 3,1993.
¶ 6. On December 9, 1996, Massengill filed a motion for post conviction relief and reconsideration of sentence. On October 28, 1997, the trial court conducted a hearing on the matter, after which all relief was denied.
DISCUSSION
¶ 7. Massengill argues that (1) his right to a speedy trial was violated by the fourteen month delay between entry of his guilty pleas and sentence, and (2) that his trial attorney was ineffective in not counseling him to withdraw his guilty pleas to avoid the habitual indictment.
¶ 8. A delay in sentence may violate the right to a speedy trial, U.S. v. Campbell, 531 F.2d 1333, 1335 (5th Cir.1976). However, like all claims of constitutional speedy trial violations, it must be analyzed in accordance with Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors considered under Barker are (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice.
¶ 9. In accepting the guilty pleas, the trial court informed Massengill that sentencing was being deferred to give him an opportunity to make restitution, which would impact upon the sentence imposed.
¶ 10. Clearly, Massengill stood to benefit from this opportunity to make restitution prior to being sentenced. Sentencing delay, which has as its purpose, allowing the defendant to impact the nature and length of his sentence, will not normally be considered a speedy trial violation.
¶ 11. As proof of prejudice, Mas-sengill argues that had sentence been imposed, he would have not committed the subsequent offense for which he was indicted as an habitual criminal in Lowndes County.
¶ 12. This argument lacks merit. The State has no obligation to incarcerate Mas-sengill to prevent his engaging in criminal acts.
¶ 13. Having considered the reasons for delay and the alleged prejudice, we do not find a speedy trial violation.
¶ 14. Massengill has argued that his trial attorney was ineffective in not requesting permission to withdraw his guilty pleas in order to avoid the habitual indictment.
¶ 15. The decision to allow withdrawal of a guilty plea is a matter left to the sound discretion of the trial court. Yates v. State, 342 So.2d 312, 316 (Miss.1977).
¶ 16. When accepting the guilty pleas, and when hearing the motion for post conviction relief, Massengill was asked if he entered a guilty plea for any reason other than having actually committed the offenses. His response was no. Under these facts the trial court had no obligation to allow withdrawal of the guilty plea, even if requested. Nor is there evidence to suggest that the trial court, in the exercise of its discretion, would have al *495 lowed withdrawal. There is no merit to this allegation.
¶ 17. In reviewing effective assistance of counsel claims, we look to see if the action complained of would have caused a different outcome. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992). This Court’s review does not suggest a different outcome, had trial counsel urged withdrawal of the guilty plea to avoid the habitual charge.
¶ 18. The plea was based upon actual guilt, and the trial court was not obligated to allow withdrawal. Because this was a matter left to the discretion of the trial court, we cannot say with certainty that counsel’s request to withdraw the guilty pleas would have, or should have, been granted.
¶ 19. The denial of post conviction relief is affirmed.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF DENIAL OF POST CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.