241 So.2d 641 (1970)
Ronald LAUGHTER
v.
STATE of Mississippi.
No. 46027.
Supreme Court of Mississippi.
November 23, 1970.
Walker, Franks, Rone & Bridgforth, Hernando, for appellant.
A.F. Summer, Atty. Gen. by Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice.
Appellant Ronald Laughter was indicted, tried and convicted in the Circuit Court of DeSoto County for the crime of the sale of marijuana. He was sentenced to serve a term of five years in the State Penitentiary. From this conviction he appeals. We reverse and render.
Appellant assigns and argues two propositions for the reversal of this case. They are: (1) the lower court erred in overruling defendant's motion for a directed verdict and a new trial on the ground that the uncontradicted evidence presented at the trial relating to the action of the authorities and those in concert with them constituted entrapment under the laws of this state; (2) the lower court erred in overruling defendant's motion to quash the indictment and dismiss this charge on the grounds that this prosecution constituted double jeopardy.
The record in this case reveals that at the June 1969 term of the Circuit Court of DeSoto County appellant was indicted by separate indictments for the crime of possession and sale of marijuana. He was tried at the June 1969 term on the charge of possession of marijuana and sentenced to serve a term of four years at the State Penitentiary with two and a half years suspended on good behavior. On appeal to *642 this Court we affirmed the conviction in Laughter v. State, 235 So.2d 468 (Miss. 1970). At the November 1969 term of court appellant was tried on the charge of selling marijuana. Appellant by his motion to quash the indictment pointed out that the possession and sale of marijuana arose out of the same transaction and the possession for which he was convicted was necessarily incident to the sale and that trial for the sale would constitute double jeopardy. His motion to quash was overruled.
The facts developed on the trial of this case are for all practical purposes identical with the facts set out in detail in Laughter v. State, supra, and we will only state such facts as we deem necessary for this opinion. Prior to April 25, 1969, appellant was contacted by Cam Walker, an informer for the Mississippi Highway Safety Patrol, relative to procuring some marijuana for a friend of his from Jackson. According to appellant he finally agreed to go with Walker and his friend and show them where they could buy some marijuana. On the above date, Malcolm Watson, an undercover agent for the Narcotics Division of the Mississippi Highway Safety Patrol, and Cam Walker contacted appellant in Hernando, Mississippi. After parking his car appellant got into the car with Watson and Walker and he directed them to a parking lot at the Harlem Restaurant in Memphis, Tennessee. There the appellant was furnished with $20 by Watson and he, appellant, contacted a Negro male. After a few words appellant went into a building and shortly thereafter he returned and said he had the marijuana and that it was good stuff. They then drove back to Mississippi and stopped at the place where appellant had parked his car. Appellant then advised Watson that he owed him $5 more, which Watson paid. Appellant then delivered the brown manila envelope to Watson. An analysis by the state chemist revealed that the contents of the envelope were marijuana.
We held in Laughter v. State, supra, that the facts detailed there did not constitute entrapment as a matter of law and since the facts in this case are in all material respects the same, we find no merit in appellant's first proposition.
The second proposition raises a new and interesting question. Appellant urges that the indictment charging him with possession and sale grew out of the same transaction and were charged as a violation of the Uniform Narcotic Drug Act, adopted by the legislature in 1936. The act has been codified as Section 6844 through 6869, Mississippi Code 1942 Annotated (1952). Section 6846 provides that:

Prohibited  unless.  It shall be unlawful for any person to manufacture, possess, have under his or her control, sell, prescribe, administer, dispense, or compound any narcotic drug except as authorized in this Act.
Section 6866 prescribes the penalties for violation of the Act. The penalty for the first offense of possession is a fine of not more than $2,000 and imprisonment of for not less than two years nor more than five years. The penalty for the first offense for the sale of the prohibited drug is a fine of not more than $2,000 and imprisonment of not less than five years and not more than ten years. Thus, appellant argues that under the facts of this case the possession of marijuana was a lesser included or constituent offense of the sale. In support of this argument appellant cites cases from other jurisdictions which have adopted the Uniform Narcotic Drug Act which have so construed the Act. It is also pointed out that the legislature by the provisions of Section 6869 directed that the act be interpreted and construed to make uniform the laws of those states which have enacted it.
The state contends that the two convictions of appellant were based upon two different sections of the Code and in Burton v. State, 226 Miss. 31, 79 So.2d 242 (1955), we held that in order to prevail in a plea of double jeopardy "the offenses charged in the two prosecutions must by the same in *643 law and in fact." It is also pointed out that we said in Burton that:
There is a distinction between an offense and the unlawful act out of which it arises. And the test is not whether the accused has been tried for the same act, but whether he had been put in jeopardy for the same offense. (226 Miss. at 40, 79 So.2d at 246-247).
It is also pointed out that we held in Nixon v. State, 148 Miss. 224, 114 So. 346 (1927), that a conviction for possession of intoxicating liquor did not bar a conviction for the unlawful sale of the same intoxicating liquor.
We are unable to agree with the state's argument that the conviction of appellant for possession and sale of marijuana is based upon two different sections of the code. The charges in both indictments are based on the provisions of Section 6846. Section 6866 relied upon by the state provides for the punishment for such violation.
Since we have not heretofore had the occasion to construe the Act relative to the question raised, we deem it proper to follow the suggestion of the legislature and look to the decisions of other jurisdictions which have decided this issue under facts similar to those in this case. The general rule is stated in 22 C.J.S. Criminal Law § 295(3) (1961) in the headnote as follows:
An accused may not properly be prosecuted for two offenses with relation to narcotics where both arise out of the same transaction and one is necessarily incident to the other, but where the same transaction gives rise to separate and distinct offenses, a prosecution for one will not ordinarily bar prosecution for the others.
One of the cases cited in support of this rule is People v. Castiel, 153 Cal. App.2d 653, 315 P.2d 79 (1957). An examination of this case and other decisions of the Supreme Court of California reveals that there are several decisions of that Court supporting this rule, including People v. Roberts, 40 Cal.2d 483, 254 P.2d 501 (1953) and People v. Branch, 119 Cal. App.2d 490, 260 P.2d 27 (1953). While the decision in these cases is based upon an interpretation of the Uniform Narcotic Drug Act, California has a statute which we do not have, Section 654, California Penal Code (1872), which provides in part:
An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.
In State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1960), the Supreme Court of Arizona in discussing the one transaction principle adopted by the California courts said:
We consider this view sound but find its application far from simple. In each case the facts must be examined to determine whether the transactional test has been met. Thus, where it appears that the defendant simply acquired the marijuana for the purpose of the sale and the acts of acquisition were for the furtherance of the sale (as opposed to the case where it is kept as if general stock in trade) it is but one transaction. The possession then is incidental only to the sale in much the same way as possession is related to the transportation when a defendant is arrested in the act of transporting. People v. Roberts, 40 Cal.2d 483, 254 P.2d 501. (358 P.2d at 182).
The Court then pointed out that when it is shown that the defendant has possessed marijuana either before or after the transaction and sale, then the one transaction principle does not apply. See also: State v. Hanshe, 105 Ariz. 396, 466 P.2d 1 (1970).
In the case of Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967), the Supreme Court *644 of Nevada held under facts similar to the facts in this case that:
Possession of marijuana is a necessarily included offense when incident to the sale as shown by the facts of this case and only one conviction can be had for either the sale or possession, but not both. (425 P.2d at 345).
We are of the opinion that the one transaction principle is sound when properly limited. Since the facts in this case show that the appellant procured the marijuana at the request of Walker for the purpose of sale to Watson, his possession and sale of marijuana constitute one transaction and the possession was only incident to the sale. Under these circumstances possession was a lesser included or constituent offense of the sale and it would be unfair to punish appellant for both offenses. However, we hasten to point out that the one transaction principle does not apply when it is shown that a defendant had in his possession marijuana or other prohibitive drugs either before or after the sale. In other words, if the appellant had gone to a place where he had marijuana concealed, procured it and sold it to the undercover agent he could have been properly charged, convicted and punished for the possession and sale of marijuana. Likewise, had appellant procured additional marijuana other than that sold the agent and retained possession he could be properly charged, and convicted for the possession of that marijuana and the sale of the marijuana to the agent.
We hold that since the facts in this case clearly establish that the possession and sale was one transaction, the appellant could be properly charged with the possession and sale of the marijuana, but he could be convicted of only one charge. The state, in this instance, elected to try him first for the possession and his conviction and sentence on this charge prohibits the state from trying him for the sale. The trial court should have sustained appellant's motion to quash the indictment in this case.
For the reasons stated the judgment of the trial court is reversed and a judgment will be entered here discharging appellant.
Reversed and rendered.
ETHRIDGE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur.