INZER, Presiding Justice,
for the Court.
Appellant, Lee Ervin Polk, was indicted, tried and convicted in the Circuit Court of *113 Jefferson Davis County for the crime of the sale of marijuana. He was sentenced to serve a term of ten years in the Mississippi State Penitentiary. From this conviction and sentence he appeals. We affirm.
This case involves the question of whether appellant’s conviction falls within the one transaction rule announced in Laughter v. State, 241 So.2d 641 (Miss.1970), so as to constitute double jeopardy. We hold that it does not.
The evidence on behalf of the state reveals that on the night of November 8, 1975, at about 10 p. m. Hal Martin, an agent of the Mississippi Bureau of Narcotics, Cleve Daughdrill, a constable and deputy sheriff of Jefferson Davis County, and Ben McNair, a cooperating individual, went to the home of Lee Ervin Polk for the purpose of purchasing marijuana.
Martin and McNair went into the home and Daughdrill stayed outside. Martin asked Polk if he dealt in lids of marijuana. Polk replied that he did not sell by the ounce (lids) but sold only by the joint (a marijuana cigarette) because there was more money to be made that way. Martin told Polk he would like to buy three marijuana cigarettes. Polk turned and walked to the back of the room, keeping his back to Martin. He then walked back and handed Martin three cigarettes. Martin examined and smelled them, then handed Polk three one dollar bills. Martin then asked Polk if he could obtain more marijuana and Polk told him that he did not have any more he could let go other than in joints.
At this point, Martin pulled his revolver, identified himself as an undercover agent and placed Polk under arrest. Constable Daughdrill was called into the house and the two men searched appellant’s person and found a clear plastic bag containing forty marijuana cigarettes. The three cigarettes purchased by Martin were placed in a plastic bag, labeled and sent to the crime laboratory and identified at the trial as being marijuana.
Polk was indicted in the circuit court for the sale of the three cigarettes and was charged in the justice court v/ith possession of marijuana, based on the forty cigarettes found after his arrest. Polk pled guilty to the charge of possession and was fined $300.
During the course of the present trial, counsel for Polk moved for a dismissal of the charges on the ground that he had pleaded guilty to a charge of possession of marijuana and the state was estopped to try him for the sale under the one transaction theory. This motion was overruled. On appeal, the only assignment of error argued is that the trial court was in error in failing to dismiss because the evidence clearly showed that both charges grew out of the one transaction. The state elected to try him for possession instead of the greater offense of sale; therefore, his conviction of sale constituted double jeopardy.
Both appellant and state cite and rely on Laughter v. State, supra. In Laughter, after discussing the one transaction rule adopted in other states, we said:
We are of the opinion that the one transaction principle is sound when properly limited. Since the facts in this case show that the appellant procured the marijuana at the request of Walker for the purpose of sale to Watson, his possession and sale of marijuana constitute one transaction and the possession was only incident to the sale. Under these circumstances possession was a lesser included or constituent offense of the sale and it would be unfair to punish appellant for both offenses. However, we hasten to point out that the one transaction principle does not apply when it is shown that a defendant had in his possession marijuana or other prohibitive drugs either before or after the sale. In other words, if the appellant had gone to a place where he had marijuana concealed, procured it and sold it to the undercover agent he could have been properly charged, convicted and punished for the possession and sale of marijuana. Likewise, had appellant procured additional marijuana other than that sold the agent and retained possession he could be properly charged, and convicted for the possession *114 of that marijuana and the sale of the marijuana to the agent. (241 So.2d at 644).
It is clear from the foregoing statement that the one transaction rule does not apply in this case. Polk had in his possession additional marijuana other than the three cigarettes sold to the agent and retained possession of that marijuana after the sale. Under these circumstances, his conviction for the sale of the three cigarettes, after his plea of guilty to possession of the cigarettes found in his possession after the arrest, did not constitute double jeopardy.
For the reasons stated, this case must be and is affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON, P. J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.