KING, P.J.,
for the Court:
¶ 1. George Hamilton, Jr. was convicted, of two counts of transferring cocaine in the Oktibbeha County Circuit Court. He was sentenced to serve a term of four years on count one and a consecutive term of four years on count two in the custody of the Mississippi Department of Corrections. Aggrieved by his convictions and sentences, Hamilton has appealed and assigned two points of error: 1) whether the trial court erred in not granting a motion to consolidate counts one and two of the indictment, and 2) whether there can be a transfer of cocaine from the defendant to a confidential informant when the defendant and the confidential informant have a prior history of engaging in joint ventures to purchase and use cocaine.
FACTS
¶ 2. On March 30, 1998, Kendrick Bishop, a confidential informant for the Stark-ville City Police Drug Enforcement Unit, drove to the home of George Hamilton, Jr. Bishop’s vehicle was equipped by the police for audio and video surveillance. Upon arrival, Bishop informed Hamilton that he wished to make a $20 drug purchase. Hamilton entered the car and instructed Bishop to drive to a location where drugs were sold. After Hamilton exited the vehicle to make the purchase, Bishop announced to the surveillance team his intent to purchase an additional $40 in drugs. At approximately 4:20 p.m., Hamilton returned to the car and gave Bishop- a $20 rock of crack cocaine. Bishop then *846 provided Hamilton an additional $40 to purchase drugs. Hamilton again exited the vehicle and returned about 4:24 p.m. with two rocks of crack cocaine. Hamilton kept one and gave the other to Bishop. Bishop turned the cocaine over to the police, and Hamilton was subsequently arrested.
¶ 3. An Oktibbeha County Grand Jury indicted Hamilton on two counts of transferring cocaine. Hamilton filed a motion to consolidate both counts. The trial court reserved ruling on the motion and carried it as a part of the trial. At'the end of the trial, the court overruled Hamilton’s motion to consolidate both counts. The jury convicted Hamilton on both counts. Hamilton’s motion for judgment notwithstanding. the verdict or, in the alternative, a new trial having, been denied,, he now appeals his convictions and sentences.
ANALYSIS AN DISCUSSION OF THE LAW
I
Whether the trial court erred in not granting a motion to consolidate counts one and two of the indictment.
¶ 4. In his first assignment of error, Hamilton contends that the court erred by not consolidating the indictment from two counts of transferring cocaine to one count. Hamilton erroneously relies on the one transaction principle stated in Laughter v. State, 241 So.2d 641 (Miss.1970). In Laughter, the court held that where the facts show that the defendant procured the marijuana at the request of an undercover agent to sale to another, his possession and sale of the marijuana to the agent constituted one transaction and the possession was only incident to the sale. Id. at 644. See Wolf v. State, 281 So.2d 445, 446 (Miss.1973). According to Laughter, which is distinguishable from the case at bar, possession was necessary as a lesser-included offense of the sale. Id Thus, -the possession was .incidental and apart of one transaction. Id.
¶ 5. However, the one transaction rule is not applicable to the instant case. Hamilton first purchased and transferred to Bishop $20 of cocaine. Subsequent to the completion of this transaction, Hamilton purchased $40 of cocaine with funds supplied by Bishop. This second purchase was divided equally between Bishop and Hamilton. Because the second transfer occurred four minutes after the first, the indictment charged each transfer separately. The second transfer, unlike the sale in the Laughter case, was not incidental to the first despite the close proximity in time. “Separate acts though committed close in point of time to one another may constitute separate criminal offenses.” Pharr v. State 465 So.2d 294, 300 (Miss.1984). See Ball v. State, 437 So.2d 423, 425 (Miss.1983) (stating that temporal proximity does not generate a juridical union of separate and , distinct criminal acts, nor does the presence of a common nucleus of operative facts); Lee v. State, 469 So.2d 1225 (Miss.1985); Lee v. State, 468 So.2d 80 (Miss.1985). The second transfer was not apart of the original agreement. Indeed, it was only after completion of the first purchase that Bishop gave Hamilton money for additional drugs. Therefore, a new bargain was formed.
¶ 6. The record shows that there were two separate transfers stemming from close but distinct transactions. Because these were distinct transactions, they do not come within the one transaction rule announced in Laughter v. State, 241 So.2d 641 (Miss.1970). We find this assignment of error without merit.
II
Whether there can be a transfer of cocaine from the defendant to a confidential informant when the defendant and the confidential informant have a prior history of engaging in joint ventures to purchase and use cocaine.
¶ 7. In his second assignment of error, Hamilton contends that he and *847 Bishop were engaged in a joint venture to use cocaine. Hamilton argues that he and Bishop intended to smoke the cocaine together. Because of his alleged history of buying and using drugs with Bishop, Hamilton claims that there was no transfer during this buy. Miss.Code Ann. § 41-29-139(a)(1) (Supp.1999) makes it unlawful for any person to knowingly or intentionally “sell ... [or] transfer ... a controlled substance.” The transaction between Hamilton and Bishop constituted a transfer because Hamilton knowingly delivered cocaine to Bishop.
¶ 8. Nevertheless, the association between Hamilton and Bishop did not constitute a joint venture. “The joint venture is an association of two or more persons based on contract who combine their money, property, knowledge, skills, experience, time or other resources in the furtherance of a particular project or undertaking, usually agreeing to share the profits and the losses and each having some degree of control over the venture.” Hults v. Tillman, 480 So.2d 1134, 1142 (Miss.1985). “Actual intent to form a joint venture is essential.” Id. at 1143.
119. Hamilton and Bishop lacked the requisite intent to form a joint venture to use the cocaine after the transfer was made. There was no joint effort to combine their money or property to purchase the cocaine. Bishop, as an agent of the police, received the money from the undercover agents and gave it to Hamilton to make the purchase. Bishop, while acting as a confidential informant for police, was not acting for the benefit of an alleged joint venture with Hamilton. Bishop was a paid informant for the police, and his primary responsibility was to the police. However, Hamilton argues that Bishop agreed to smoke the cocaine with him later. The statement to Bishop that “we’ll come back and hit it” demonstrated Hamilton’s desire to smoke the cocaine after the purchase. Bishop was inclined to agree to Hamilton’s offer since the primary goal of his position as a confidential informant was to catch individuals as they engaged in illegal activity. Additionally, if a joint venture was found based on the facts of this case, this transaction would still constitute a transfer. Miss.Code Ann. § 41-29-139(a)(l) (Supp.1999).
¶ 10. This assignment of error is without merit.
¶ 11. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF TRANSFER OF COCAINE AND SENTENCE OF FOUR YEARS; COUNT II OF CONVICTION OF TRANSFER OF COCAINE AND SENTENCE OF FOUR YEARS, WITH SENTENCE TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. COSTS ARE ASSESSED TO OKTIB-BEHA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.