278 So.2d 411 (1973)
STATE of Mississippi
v.
Tommy Lynn SMITH.
No. 47331.
Supreme Court of Mississippi.
May 28, 1973.
James H. Herring, Dist. Atty., Canton, A.F. Summer, Atty. Gen., Jackson, for appellant.
John S. Holmes, J.H. Hogue, Jr., Yazoo City, for appellee.
*412 INZER, Justice:
This is an appeal by the State of Mississippi from a judgment of the Circuit Court of Madison County sustaining a plea in bar and motion of appellee Tommy Lynn Smith to quash an indictment charging him with armed robbery. We affirm.
The only error assigned is that the trial court was in error in sustaining appellee's plea in bar and motion to quash the indictment. We find no merit in this assignment. We are indebted to the trial judge for favoring us with an excellent opinion in this case. Since it has been most helpful to us and is such a thorough discussion of the facts and law involved, we are taking the liberty of incorporating most of it in our opinion. The pertinent part of the opinion is as follows:
The plea in Bar and Motion to Quash the indictment seeks to bar the trial of the defendant Tommy Lynn Smith on an indictment for the armed robbery of John Allen Rorer in which sixty dollars ($60.00) in good and lawful money of the United States of America and checks of an unknown value, a more specific description of which to the Grand Jury is unknown, which case is now pending on the State docket in Madison County, Mississippi, and is subject to trial in this term of the court. This plea of the defendant raises the defenses of collateral estoppel, res judicata, and former acquittal.
In order to consider this matter it is necessary to state what has transpired prior to this time and what is said to be some of the facts in the case.
Austin Glenn Whitaker, Jr., John Isonhood, and Tommy Lynn Smith were jointly indicted at the September, 1971, term of the Madison County Circuit Court for the murder of John Allen Rorer, which is Cause No. 9958 on the State docket in Madison County, Mississippi. Severance was granted in this matter. Also, at the September 1971 term of this Court, Austin Glenn Whitaker, Jr., John Isonhood, and Tommy Lynn Smith were jointly indicted for the armed robbery of John Allen Rorer. At the September 1971 term of the Circuit Court of Madison County, Mississippi, *413 Tommy Lynn Smith was tried for murder in Cause No. 9958 and this trial resulted in a mistrial. He was again tried on this murder indictment during the March 1972 term of Madison County Circuit Court before a jury and the result of this trial is that a general verdict of not guilty was returned by the jury in favor of the defendant.
It is now necessary to consider some of the events and testimony and instructions on the law given the jury by the court at the request of the State in order to properly consider this Plea of the defendant. There is no question but what the two indictments arise out of one incident that happened on the 9th day of February, 1968. In the case in which this defendant was tried on the murder charge the record reflects through the testimony of Austin Glenn Whitaker, Jr. that he, John Isonhood and this defendant planned to rob John Allen Rorer. That Whitaker and this defendant entered the Cash Oil Company which was operated by John Allen Rorer on February 9, 1968. That Whitaker struck John Allen Rorer on the head with a pool cue stick which had been broken, that he then dropped the stick and it was picked up by this defendant and this defendant struck Rorer on the head numerous times. That Whitaker got money out of the cash drawer, threw part of it on the floor and he and this defendant then left and later that night went to Jackson. It is undisputed that John Allen Rorer was taken to the University Hospital at Jackson, Mississippi, where he lived for about three (3) weeks and then died without ever regaining consciousness and that his death came about as a result of the blows to his head administered during the robbery. This defendant admitted through his attorney and throughout the trial of the murder case that Mr. Rorer was killed and that his death was a result of injuries inflicted on February 9, 1968, at the Cash Oil Company. The jury was asked that if the court instructs that if you believe from the evidence beyond a reasonable doubt that the defendant participated in the robbery and as a result thereof Mr. Rorer was beaten and this beating accelerated his death in any way, that he is guilty of murder and they were asked could they follow that instruction. At the trial of the murder case the State requested certain instructions. The instructions requested by the State were necessary to properly instruct the jury in their deliberation as to the guilt or innocence of this defendant on the murder charge.
Here the court set out in full the relevant instructions granted the state and defendant, but it is not necessary to set them out here since they are discussed in the court's opinion.
There was other testimony on behalf of the state in the murder trial that the defendant Tommy Lynn Smith participated in the crime, other than the testimony of Austin Glenn Whitaker, Jr.
The defendant in this Plea contends the Fifth Amendment principle, double jeopardy applying to the State through the Fourteenth Amendment prevents his trial on the robbery indictment because the State is collaterally estopped from relitigating those issues already determined in his favor at the murder trial, determinations which make his conviction on the robbery charge a logical impossibility. In the recent United States Supreme Court case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Court set out certain principles. This is a summary of that case and the decision of the Court. Six men were engaged in a poker game and were robbed by three or four masked gunmen. Ashe was tried in the state court for the robbery of one of the players, which trial resulted in an acquittal. Ashe was again tried in the state court for the robbery of another of the players and in this trial was convicted. The witnesses in the two trials were for the most part the same and the State's evidence establishing the facts of the robbery was not contradicted, but the testimony *414 identifying Ashe as one of the robbers was substantially stronger at the second trial. Some several years later Ashe brought a habeas corpus proceeding in United States District Court for the Western District of Missouri, claiming that the second prosecution had violated his right not to be twice put in jeopardy. The writ was denied and the United States Court of Appeals for the Eighth Circuit affirmed and it was reversed by the United States Supreme Court in an opinion by Mr. Justice Stewart, explaining the view of seven members of the Court, holding that since the single rationally conceivable issue in dispute before the jury was whether the defendant had been one of the robbery, the Federal rule of Collateral Estoppel, which is embodied in the Fifth Amendment currently against double jeopardy, made the second trial wholly impermissible. The Court said in that case that the principle of collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit. The Court in that case held the trial judge in the original state trial of Ashe instructed the jury that if Ashe was one of the participants in the armed robbery he would be guilty under the law even if he had not personally robbed Knight. Therefore, the principle of collateral estoppel was decided by the United States Supreme Court in this case.
In the case of Turner v. Arkansas, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972), decided by the United States Supreme Court on June 19, 1972, involved the petitioner Turner being charged with murder and robbery in an indictment following the death of a participant in a poker game in which the participants of the poker game were robbed. Turner was tried on this indictment and a general verdict of acquittal was rendered. Later an Arkansas County Grand Jury indicted Turner for the robbery but not the murder and the question of double jeopardy and res judicata was raised by Turner at the trial and it was denied by the Court with the Court pointing out that murder and robbery charges could not be joined in one indictment for reason under Arkansas law and that no offense could be jointly tried with murder. Turner's rehearing petition was denied following which he entered the complete transcript of the murder trial into the record, again moved to dismiss on the same grounds, which motion was again denied by the trial court. A stipulation was entered that the evidence the State would present on the robbery charge was identical to that which it introduced on the murder charge. The trial court declined to consider the applicability to the situation of Ashe v. Swenson and the Arkansas Supreme Court affirmed the trial court's decision. On Certiorari the United States Supreme Court reversed and remanded explaining the view of six members of the court, saying that the case was controlled by the decision of Ashe v. Swenson and that the only logical conclusion was that the jury which had adjudicated the petitioner had found him not present at the scene of the murder and robbery and that the double jeopardy clause of the Fifth Amendment thus prevented the petitioner's retrial.
Let us now look at the record before this Court on this Plea in Bar and Motion to Quash the indictment. It was not disputed or denied that John Allen Rorer died as a result of injuries sustained during a robbery of the Cash Oil Company on February 9, 1968. There was testimony that this defendant was a participant in the robbery and beating of John Allen Rorer. This defendant denied any knowledge or participation in the crime in any way. The instructions given on behalf of the State as previously shown in this opinion instructed the jury that if they found Tommy Lynn Smith participated in the crime in any way, even though he might not have personally been present when the crime was committed, then the jury should find him guilty of murder. That same jury had before it the denial of Tommy Lynn Smith *415 that he participated in the crime in any manner and was instructed that he was a competent witness and they should not disbelieve him merely because he was the defendant and that they could consider his testimony. The jury was further instructed that the testimony of the claimed accomplice Austin Glenn Whitaker, Jr., should be weighed with great care and caution. The inescapable conclusion that must be drawn as a result of studying the record of the entire murder trial, the instructions granted the court on the law of the case and which were considered by the jury is that the jury determined that Tommy Lynn Smith was not a participant in the crime, thus rendered its general verdict of not guilty. The determination of this issue was adverse to the State of Mississippi. The facts in this case are almost identical with the facts in the case of Turner v. Arkansas, which was decided by the United States Supreme Court after the murder trial of Tommy Lynn Smith.
The State has stated into the record that it has new evidence that it expects to offer in this case that was not available at the time Tommy Lynn Smith was tried for murder. This in itself, under the United States Supreme Court decision makes no difference and cannot change the fact that the State is collaterally estopped from proceeding further in this cause.
It should be noted that in deciding this issue the Court is not deciding the issue of guilt or innocence of the defendant, but is deciding questions of law which control the case.
It is therefore the opinion of the Court that the issue to be tried in the case of the State of Mississippi v. Tommy Lynn Smith in Cause No. 9959, was decided adverse to the State by the general verdict of not guilty rendered in the murder trial of Tommy Lynn Smith in Cause No. 9958 and that the State is collaterally estopped from prosecuting Tommy Lynn Smith on the armed robbery indictment in Cause No. 9959. Therefore, the Plea in Bar and Motion to Quash the Indictment is sustained. The sureties on his bond are discharged.
The Circuit Court in following the decisions of the Supreme Court of the United States did as it and we are required to do in cases involving constitutional questions. In such cases it matters not whether we agree with such decisions, we must apply the law announced, if applicable to the case under consideration. However, the collateral estoppel aspect of res judicata has long been recognized and followed in civil cases in this state. This principle precludes relitigation in another action of a specific question actually litigated and determined and essential to the judgment even though a different cause of action is the subject of the subsequent proceeding. Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956). While we have not stated in so many words that the principle of collateral estoppel is applicable to criminal cases, it has actually been applied. See Dykes v. State, 232 Miss. 379, 99 So.2d 602 (1957), and Jones v. State, 66 Miss. 380, 6 So. 231 (1889). The principle of collateral estoppel has been applied to criminal cases in large numbers of states and in the case of Harris v. State, 193 Ga. 109, 17 S.E.2d 573, 147 A.L.R. 980 (1941), the Court, in an excellent opinion, applied the principle under an identical factual situation as we have here. Of course, as stated in Ashe v. Swenson, supra, in determining whether the principle applies where a previous judgment of acquittal is based upon a general verdict of not guilty, the court must examine the record of the prior proceeding, taking into account the pleading, evidence, charge, instructions, and any other relevant matter and conclude whether a rational jury could have grounded its verdict upon an issue other than the one the defendant seeks to foreclose from consideration. It is apparent from the trial court's opinion that it *416 followed this procedure in reaching its conclusion, and our examination of the record, which includes the record in the murder trial of appellee, discloses that the court was eminently correct in determining that the jury by its general verdict of not guilty determined that appellee was not a participant in the crime for which the state now seeks to try him.
It follows that this case must be and is affirmed.
Affirmed.
GILLESPIE, C.J., and SUGG, WALKER and BROOM, JJ., concur.