PATTERSON, Presiding Justice, for the Court:
Roosevelt Cox was indicted for the felonious battery of James Arthur Crawford, Jr., a child under the age of thirteen years. A motion to quash the indictment was sustained on the grounds of former jeopardy and the State appeals.
Cox was indicted during the October 1974 term of the Circuit Court of Monroe County for manslaughter arising out of the death of James Arthur Crawford, Jr. He was tried at a subsequent term on the charge and obtained a directed verdict of acquittal at the conclusion of the state’s case. The trial court expressed its opinion in sustaining the motion for a directed verdict as follows:
. I am convinced from listening to the testimony in this case of these facts: That the child was undoubtedly battered. The proof, from the state’s viewpoint, shows by this defendant. However, the beating of this child in or upon his back or other unrelated area of the body to the head, the proof showing the death resulted from trauma to the head and that the child fell while running, coupled with the fact that the child obviously had some physical difficulty in walking good, (sic) much less running. Plus the fact that the state’s own prosecuting witness, Ruthie Crawford, on cross examination, stated that she didn’t know that this defendant was hurting this child until he fell.
It’s inconceivable to me that this defendant could be found guilty of the crime of manslaughter, the killing of a child.
Now, I’m not foreclosing the possibility of him being guilty of .battery of this child; but the degree of proof necessary to make out the homicide is simply missing from the case.
Whereupon the motion was sustained. A motion to nolle prosequi was overruled and the defendant was bound over to await the action of the next grand jury.
Cox was subsequently indicated for felonious child battery. He filed a motion to quash the indictment in which he alleged that he had been indicted and duly acquitted of the same offense “and under the same facts and circumstances under which he is charged in the indictment under which he now stands accused.” The motion avers that the acquittal had not been reversed by any court of higher jurisdiction and that the state and federal constitutions prohibit the placing of a man’s life and liberty twice in jeopardy for the same offense.
After consideration, this motion was sustained, the trial court stating in its opinion:
From reading the transcript of the testimony in the manslaughter ease, it appears to the Court that the testimony generally on the part of the State was that this defendant was whipping the child with a small garden hose, and that the child got away from the defendant, and in an effort not to be whipped any further, either ran into something or fell down on the floor, and that this falling down and hitting its head on either the wall or the floor or something of that nature, it was killed.

The testimony on the part of the State indicates that it was attempting to prove that the defendant was whipping the child and that this whipping or beating of the child was, if not the cause of the death of the child, at least causally related to the death of the child to the extent that the defendant was guilty of manslaughter.
In this particular matter, it appears to the Court that as far as the State’s case was concerned, the beating or battering of the child was a part of its manslaughter case when the proof was presented, *1376 and dwelt upon all through the State’s case, that the beating of the child was a part of the manslaughter case. In other words, that seems to be how the State claimed that the child was slain, as it was alleged to have been in the indictment in the manslaughter case.
Ordinarily, this would not be a lesser included offense of the manslaughter. It does appear to the Court that it was the basis for the case that the State was attempting to put on to substantiate the charge of manslaughter.
The cases of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and Laughter v. State, 241 So.2d 641 (Miss.1970), were persuasive to the trial court in reaching its conclusion.
In Ashe, supra, the Court held that collateral estoppel is embodied in the Fifth Amendment to the United States Constitution and has application to the various states through the Fourteenth Amendment. In it the Court had under consideration a question of the identity of the appellant who was alleged to have been one of several men who robbed several others in a poker game. Ashe was acquitted at his first trial because the evidence identifying him as one of the robbers was weak. The trial judge instructed the jury that if it found the petitioner was one of the participants in the robbery, the theft of “any money” from one of the players in the game would sustain a conviction. He also instructed that if the petitioner was one of the robbers, he was guilty under the law even if he had not personally robbed one of the players. The jury found the petitioner “not guilty due to insufficient evidence.” The issue before it was the identity of Ashe as a participant in the robbery.
Ashe was brought to trial again for the robbery of another player in the game. He filed a motion to dismiss based on his previous acquittal which was overruled and Ashe was convicted. The case on appeal ultimately reached the United States Supreme Court. It held:
. The single rationally conceivable issue in dispute before the jury was whether the petitioner had been one of the robbers. And the jury by its verdict found that he had not. The federal rule of law, therefore, would make a second prosecution for the robbery of Roberts wholly impermissible. 397 U.S. at 445, 90 S.Ct. at 1195, 25 L.Ed.2d at 476
******
The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again. (Emphasis added.) 397 U.S. at 446, 90 S.Ct. at 1195, 25 L.Ed.2d at 477
The Court concluded the state was es-topped to again prosecute Ashe before a different jury. It held “collateral estoppel” to mean that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. See Sanders v. State, 242 So.2d 412 (Miss.1970), wherein we adopted the definition though estoppel was not applied because of the circumstances of that case. However, in State v. Smith, 278 So.2d 411 (Miss.1973), the doctrine was applied, this Court concluding that since Smith had not in any manner participated in a murder during the course of an armed robbery, as found by a jury verdict, the state was thereafter collaterally estopped to prosecute him for the robbery.
In Laughter, supra, a double jeopardy case, we held that different offenses arising from one transaction were subject to double jeopardy provisions of the constitution. We were careful to state the one transaction principle was sound when properly limited. In holding possession a lesser included or constituent offense of the sale of marijuana and that it would be unfair to punish the *1377 appellant for both offenses, we used the following language:
. We hold that since the facts in this case clearly establish that the possession and sale was one transaction, the appellant could be properly charged with the possession and sale of marijuana, but he could be convicted of only one charge. 241 So.2d at 644
Because the state had elected to first try Laughter for possession of marijuana, we were of the opinion this conviction prohibited his prosecution for its sale arising out of the very same transaction because it would have been a transgression upon the constitutional prohibition of being twice placed in jeopardy.
These cases, persuasive to the trial judge, do not support his decision in our opinion. The single rational issue in dispute in Ashe and Smith, supra (crime participant identification), does not project itself by analogy into this case because the issue in the manslaughter trial, and necessary to a conviction, was the establishment of the offense, death as the result of a criminal agency, whereas in Ashe and Smith, supra, the offense was established, there remaining only the identification of the participants. The finding on the motion for a directed verdict that the child’s death did not result from the beating was an acquittal on that offense sufficient to bar future accusation since it was the equivalent of a jury verdict. State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965).
Neither does the same transaction rationale of Laughter merge into the pattern of this case. While the battery of the child was essential to conviction under the manslaughter charge, and inevitably will be under the battery indictment, nevertheless, we do not think that felonious battery is a constituent or necessarily lesser included offense of a manslaughter charge. The crimes, manslaughter and felonious battery, are separate and distinct, each having essential elements not requisite to the other. An essential of manslaughter is a homicide without malice. Essentials of felonious battery are deliberate intention and tender years of the victim with mutilation, disfigurement or destruction of any part of the body of a child, but not necessarily including death — the very basis of manslaughter.
The principles of Ashe and Laughter being inapplicable in our opinion to the present case, the definition of “same offense” of Article 3, Section 22, Mississippi Constitution (1890), must be examined. In Burton v. State, 226 Miss. 31, 79 So.2d 242 (1955), though considering multiple deaths from a single accident, this Court held in discussing the same evidence rule as it relates to the same offense as follows:
There is a distinction between an offense and the unlawful act out of which it arises. And the test is not whether the accused has been tried for the same act, but whether he had been put in jeopardy for the same offense. . . . 226 Miss, at 40, 79 So.2d at 246-247
And approved the following language of an Ohio case:
“ . . . It is not enough that some single element of the offense charged may have a single element of some other offense as to, which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the ‘same offense’. The usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy.” 226 Miss, at 41, 79 So.2d at 247
See also Price v. State, 104 Miss. 288, 61 So. 314 (1913); Moore v. State, 59 Miss. 25 (1881) and Rocco v. State, 37 Miss. 357 (1859).
By the second indictment Cox was not subjected to being tried twice for the same offense by the above test.. The indictment against Cox in the manslaughter case charged him with the felonious slaying of James Arthur Crawford, Jr. It could not have been the basis for a conviction of the felonious battery of a child because an essential of felonious battery is intention and *1378 mutilation, neither of which is necessary to the first charge.
We are of the opinion the motion to quash the felonious battery indictment was erroneously sustained and that prosecution under it would not violate double jeopardy standards of either the state or United States Constitution.
REVERSED AND REMANDED.
GILLESPIE, C. J., INZER, P. J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.