383 So.2d 818 (1980)
STATE of Mississippi
v.
George CLEMENTS, Jr.
No. 51757.
Supreme Court of Mississippi.
May 14, 1980.
John A. Gregory, Asst. Dist. Atty., Okolona, for appellant.
Ottis B. Crocker, Jr., Bruce, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court:
George Clements, Jr. was indicted in the Circuit Court of Calhoun County on a charge of aggravated assault. He filed a motion to quash the indictment on the grounds that the charge was prohibited by constitutional provisions against double jeopardy and on the doctrine of collateral *819 estoppel. The trial court, Honorable J.O. Sams, Sr., presiding as special judge, sustained the motion, quashed the indictment, and the State of Mississippi has appealed.
The sole question presented to this Court is whether or not the trial judge erred in quashing the indictment.
On October 8, 1977, appellee, accompanied by three (3) other male individuals, left his place of employment, went to a nearby tavern, and drank beer and shot pool for a lengthy period of time. On the way back to the plant, after leaving the tavern, evidence indicates that appellee, being drunk, grabbed the steering wheel of the car. Subsequently, appellee and two of the individuals got into a pickup truck with one Bryant driving same, and were proceeding to Calhoun City. All three had been drinking intoxicating liquor. According to the State's evidence, appellee grabbed the steering wheel of the truck, caused it to veer into the opposite line of travel, and collide with a vehicle there, resulting in the deaths of two (2) women and injuries to a 12-year-old child, Lori Parker. Appellee denied that he grabbed the steering wheel, saying, "I couldn't have, I was too drunk."
Appellee was first indicted in the Circuit Court of Calhoun County for manslaughter of Alice Parker by culpable negligence in the operation of the pickup truck. He was tried and acquitted on the charge. Then appellee was indicted for aggravated assault of Lori Parker. A motion to quash the indictment was filed on the grounds of former jeopardy and collateral estoppel, and, as stated, it was sustained by the trial judge.
The case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) applied the doctrine of collateral estoppel (and double jeopardy) as enunciated by the Fifth and Fourteenth Amendments to the United States Constitution. The rule was approved and expanded in Turner v. Arkansas, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972).
In State v. Smith, 278 So.2d 411 (Miss. 1973), Smith was indicted and tried on a murder charge and was acquitted. Subsequently, he was indicted for robbery on the same facts, a plea in bar and motion to quash were filed, and were sustained by the trial court. In affirming the judgment, this Court discussed the facts and principles of Ashe, supra, and said:
"The defendant in this Plea contends the Fifth Amendment principle, double jeopardy applying to the State through the Fourteenth Amendment prevents his trial on the robbery indictment because the State is collaterally estopped from relitigating those issues already determined in his favor at the murder trial, determinations which make his conviction on the robbery charge a logical impossibility. In the recent United States Supreme Court case of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Court set out certain principles. This is a summary of that case and the decision of the Court. Six men were engaged in a poker game and were robbed by three or four masked gunmen. Ashe was tried in the state court for the robbery of one of the players, which trial resulted in an acquittal. Ashe was again tried in the state court for the robbery of another of the players and in this trial was convicted. The witnesses in the two trials were for the most part the same and the State's evidence establishing the facts of the robbery was not contradicted, but the testimony identifying Ashe as one of the robbers was substantially stronger at the second trial. Some several years later Ashe brought a habeas corpus proceeding in United States District Court for the Western District of Missouri, claiming that the second prosecution had violated his right not to be twice put in jeopardy. The writ was denied and the United States Court of Appeals for the Eighth Circuit affirmed and it was reversed by the United States Supreme Court in an opinion by Mr. Justice Stewart, explaining the view of seven members of the Court, holding that since the single rationally conceivable issue in dispute before the jury was whether the defendant had been one of the robbers; *820 the Federal rule of Collateral Estoppel, which is embodied in the Fifth Amendment currently against double jeopardy, made the second trial wholly impermissible. The Court said in that case that the principle of collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit. The Court in that case held the trial judge in the original state trial of Ashe instructed the jury that if Ashe was one of the participants in the armed robbery he would be guilty under the law even if he had not personally robbed Knight. Therefore, the principle of collateral estoppel was decided by the United States Supreme Court in this case." 278 So.2d 413-414.
The Court further stated:
"The inescapable conclusion that must be drawn as a result of studying the record of the entire murder trial, the instructions granted the court on the law of the case and which were considered by the jury is that the jury determined that Tommy Lynn Smith was not a participant in the crime, thus rendered its general verdict of not guilty. The determination of this issue was adverse to the State of Mississippi. The facts in this case are almost identical with the facts in the case of Turner v. Arkansas, which was decided by the United States Supreme Court after the murder trial of Tommy Lynn Smith." 278 So.2d at 415.
In State v. Cox, 339 So.2d 1374 (Miss. 1976), Cox was indicted and tried in the Circuit Court of Monroe County for manslaughter arising out of the death of a 13-year-old child. At the conclusion of the State's case, the trial judge sustained a motion for directed verdict. Subsequently, Cox was indicated for the felonious battery of the child and a motion to quash the indictment was sustained on the ground of former jeopardy. The judgment of the lower court was reversed and the case was remanded for trial on that charge. The Court distinguished the case from Ashe and Smith in the following respect:
"The crimes, manslaughter and felonious battery, are separate and distinct, each having essential elements not requisite to the other. An essential of manslaughter is a homicide without malice. Essentials of felonious battery are deliberate intention and tender years of the victim with mutilation, disfigurement or destruction of any part of the body of a child, but not necessarily including death  the very basis of manslaughter." 339 So.2d at 1377.
In the case sub judice, in the manslaughter trial, the court instructed the jury at the request of the State "that she (Alice Parker) died as a result of George Clements, Jr.'s gross negligence demonstrating a reckless manner by grabbing the steering wheel of said pickup truck and causing said pickup truck to enter the lane of traffic reserved for the vehicle occupied by Alice Parker while in the state of public drunkenness ..."
The indictment against appellee for aggravated assault charged that appellant "did ... commit an aggravated assault upon one Lori Parker, a human being, by recklessly causing serious bodily injury to said Lori Parker, under circumstances manifesting extreme indifference to the value of human life, by causing a pickup truck to wrongfully and illegally enter the lane of traffic reserved by law for the operation of the vehicle occupied by the said Lori Parker and thereby causing a collision in which the said Lori Parker was seriously injured."
In Nelson v. State, 361 So.2d 343 (Miss. 1978), the Court said with reference to aggravated assault:
"The facts of this case require us to define the acts proscribed by the statute and which constitute aggravated assault. The statute provides:
`A person is guilty of aggravated assault if he . .. causes such injury ... recklessly under circumstances manifesting extreme indifference to the value of human life.'
We hold these words are analogous to our definition of culpable negligence in *821 homicide cases set forth in Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945) as follows:
`[C]ulpable negligence should be defined as the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful [sic] creation of an unreasonable risk thereof.' (197 Miss. at 817, 20 So.2d at 705)." 361 So.2d at 344.
We note that, unlike in Cox, supra, the same elements are present in the charge of manslaughter by culpable negligence and in the charge of aggravated assault. The simple issue of whether or not appellee grabbed the steering wheel of the pickup truck and caused the vehicle to drive into the opposite lane of traffic resulting in the death of Mary Parker was the charge and issue in the indictment charging aggravated assault upon Lori Parker. We see no difference in the litigation of that issue here than in the litigation of the issue of identity in Ashe, supra, or in the issue presented in Smith, supra.
Therefore, we are of the opinion that the trial judge correctly sustained the motion to quash the indictment and the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.