401 So.2d 1100 (1981)
David Lee HUGHES
v.
STATE of Mississippi.
No. 52363.
Supreme Court of Mississippi.
March 11, 1981.
*1101 Robert B. Prather, Columbus, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
SUGG, Justice.
The principal issue in this case is whether the constitutional guarantees against double jeopardy bar prosecution of a defendant for the separate crimes of rape and kidnapping when the defendant rapes his kidnapped victim.
Defendant was convicted of kidnapping and sentenced to imprisonment for ten years. He was previously convicted of raping his kidnapped victim and sentenced to thirty years imprisonment.[1] Defendant's assignments of error are:
I. The Trial Court erred in overruling the Motion to Quash and Plea in Bar of the Appellant.
II. The Trial Court erred in allowing evidence of other crimes to be admitted into evidence.
III. The Trial Court erred in admitting into evidence irrelevant photographs of the victim's arms.

I
In his first assignment of error, defendant asserts his plea in bar and motion to quash the indictment should have been sustained because the issues in the present case were previously litigated in the rape case. *1102 His argument is based on double jeopardy and the collateral estoppel rule,[2] a part of the Fifth Amendment's guarantee against double jeopardy. Defendant's two arguments present a single question. Was he subjected to double jeopardy in his prosecution for kidnapping after he had been convicted of raping his victim?
We briefly summarize the evidence in both cases in order to state the factual background of defendant's claim of double jeopardy and collateral estoppel. In the rape case the prosecutrix, a cab driver, testified she picked up defendant as a fare on April 30, 1979. At the direction of defendant she drove to a rural area in Lowndes County. After stopping at several homes eleven or twelve miles outside the City of Columbus and driving towards another place in accord with defendant's instruction, defendant, who was seated in the backseat of the cab, placed a knife at her throat, forced her to stop the cab, bound her hands behind her back with wire, and locked her in the trunk of the cab. The cab traveled five to fifteen minutes and became stuck after which defendant opened the trunk and the prosecutrix fled but was overtaken by the defendant. Defendant cut her clothes off, raped her, and upon their return to the cab raped her a second time. After unsuccessfully attempting to move the car defendant promised to let her go free if she would not tell what had happened, but if she did tell he had a brother who was a detective who would kill her. After she promised she would not tell, defendant untied her hands and they walked out of the forest. Prosecutrix walked ahead of defendant and when they reached a public road, they came upon a crew working on the road. The prosecutrix was carried to town by her uncle, one of the crew members. Defendant admitted in the rape trial that he had sexual relations with the prosecutrix but claimed no force was used because the sexual relations were with the consent of the prosecutrix.
Defendant states the same evidence relied on in the rape trial was introduced in the kidnapping trial; however, the prosecutrix was not asked and did not testify that defendant raped her in the kidnapping case. Neither did defendant testify about having sexual relations with the prosecutrix. Otherwise the evidence in the two cases was essentially the same except for evidence corroborating her testimony that she was raped by defendant.
Mr. Justice Rehnquist succinctly stated the three primary purposes of the Double Jeopardy Clause in his dissent in Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) as follows. (1) It protects against a second prosecution for the same offense after an acquittal. (2) It protects against a second prosecution for the same offense after a conviction. (3) It protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).
In this case, we must determine whether defendant was prosecuted for the same offense after a conviction or received multiple punishment for the same offense.
The leading case on the question of whether a defendant was subjected to multiple punishment for the same offense is Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).[3] Blockburger was charged with violating the Harrison *1103 Narcotics Act in an indictment which contained five counts. The third count charged a sale of eight grains of morphine hydrochloride not in or from the original stamped package. The fifth count charged the same sale as having been made not in pursuance of a written order of the purchaser as required by the statute. One of the contentions of Blockburger was that the sale charged in the third count and the same sale charged in the fifth count constituted but one offense for which only a single penalty could be imposed. In holding that two sections of the Harrison Narcotic Act were violated by the one sale and two offenses were committed, the Court stated:
Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Compare Albrecht v. United States, 273 U.S. 1, 11, 12, 47 S.Ct. 250, 253, 254, 71 L.Ed. 505, and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed. (284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309)
In this case, the inquiry under the Blockburger test is to determine whether the rape and the kidnapping were two offenses, or only one, by comparing the statutes defining the crimes to ascertain if each statute requires proof of an additional fact which the other does not. Defendant was indicted for kidnapping under section 97-3-51 Mississippi Code Annotated (1972) which follows:
Every person who shall, without lawful authority, forcibly seize and confine any other, or shall inveigle or kidnap any other with intent to cause such person to be secretly confined or imprisoned in the state against his will, or to cause such other person to be sent out of this state against his will, or to cause such other person to be deprived of his liberty, or in any way held to service against his will, shall upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years. Upon the trial of any such offense the consent of the person so kidnapped or confined shall not be a defense, unless it appear that such consent was not extorted by threats or duress.[4]
The indictment against the defendant for rape was returned under section 97-3-65 Mississippi Code Annotated (Supp. 1977) which provides in part as follows:
(2) Every person who shall forcibly ravish any female of the age of twelve (12) years or upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve (12) years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of *1104 body as to prevent effectual resistance, upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion may determine.
It is evident from a comparison of the two statutes the elements of the crime of forcible rape and the elements of the crime of kidnapping are entirely different. Each requires proof of facts not required by the other.
Defendant stated in his brief:
It is equally clear that the prosecution chose, for whatever reason, to present evidence of a kidnap to the jury during the trial for rape. They placed in issue before the jury whether the victim was placed in the trunk of the car and secreted away against her will. The verdict undeniably shows that this issue was resolved against the Defendant.
Defendant then argues that he has been twice placed in jeopardy because evidence of kidnapping was presented in his previous trial for rape.
In United States v. Cowart, 595 F.2d 1023 (5th Cir.1979) the court, after stating the holding in Blockburger, addressed the "same evidence" test in the following language:
To determine whether defendant was subject to multiple punishment for the same offense, we look to the leading case of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), where the Supreme Court of the United States formulated the applicable standard.
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
284 U.S. at 304, 52 S.Ct. at 182. See also Brown v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); Jeffers v. United States, 432 U.S. 137, 151, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168 (1977).
This standard frequently has been referred to as the "same evidence" test; however, the Blockburger test looks not to the evidence adduced at trial but focuses on the elements of the offense charged. Brown v. Ohio, 432 U.S. at 166, 97 S.Ct. at 2225 (Blockburger test emphasizes the elements of the two crimes); Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1294 [n. 17,] 43 L.Ed.2d 616 (1975) (If each [offense] requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."); United States v. Dunbar, 591 F.2d 1190, 1193 (5th Cir.1979) ("Application of the [Blockburger] test focuses on the statutory elements of the offenses charged.") An examination of the elements of the respective offenses of "conspiracy" and "aiding and abetting" demonstrates that Cowart was convicted of two, separate and distinguishable offenses. (595 F.2d at 1029-30)
See also, United States v. Bankston, 603 F.2d 528 (5th Cir.1979) and United States v. Brunk, 615 F.2d 210 (5th Cir.1980).
The United States Supreme Court in Iannelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) in footnote 17 stated:
In determining whether separate punishment might be imposed, Blockburger requires that courts examine the offenses to ascertain "whether each provision requires proof of a fact which the other does not." Id., 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. 306. As Blockburger and other decisions applying its principle reveal, see, e.g., Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); American Tobacco Co. v. United States, 328 U.S. 781, 788-789, 66 S.Ct. 1125, 1128-1129, 90 L.Ed. 1575 (1946), the Court's application of the test focuses on *1105 the statutory elements of the offense. If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. (420 U.S. at 627, 95 S.Ct. at 1293-1294, 43 L.Ed.2d at 627)
It is true that much of the same evidence was presented at both of defendant's trials. Overlap of evidence in the two trials was permissible. The fact that one has been in jeopardy for one act is no bar to a prosecution for a separate and distinct act though the acts are so closely connected in point of time that it is impossible to separate the evidence relating to either on the first trial. The guarantee against double jeopardy contained in the Federal Constitution and in Article 3, Section 22 Mississippi Constitution (1890) does not extend to different prosecutions for different offenses but for repeated prosecutions for the same offense.
Defendant also argues that if he had been tried on both charges in a single trial he would have been entitled to a lesser included offense instruction, which if denied would have resulted in a valid double jeopardy claim. He contends he lost these rights by separate trials. He relies on Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) in support of this argument. Jeffers does not support this argument. Simply stated, rape is not a lesser included offense of the crime of kidnapping, neither is kidnapping a lesser included offense in the crime of rape.
Defendant further argues that every crime of forcible rape includes the crime of kidnapping because, in order to prove forcible rape, it is necessary to prove that the victim was seized and confined against her will. Seizure and confinement, are not elements necessary to be proved in forcible rape cases.
Earlier in this opinion we stated the elements of the crime of rape and kidnapping are entirely different. A detailed analysis of the kidnapping statute involved in this case will support this statement. Section 97-3-51 Mississippi Code Annotated (1972). The statute treats different elements of the crime of kidnapping which are disjunctive, not conjunctive. In order to clearly set forth the different elements which may constitute kidnapping under the state, we restate the statute as follows:
Every person who shall, without lawful authority,
(1) forcibly seize and confine any other,
(2) or shall inveigle or kidnap any other
(3) with intent
(a) to cause such person to be secretly confined or imprisoned in the state against his will,
(b) or to cause such other person to be sent out of this state against his will,
(c) or to cause such other person
(1) to be deprived of his liberty,
(2) or in any way held to service against his will ...
Under the statute the state must prove that a person, without lawful authority, either (1) forcibly seized and confined another person, or (2) inveigled or kidnapped another person, intending to subject such other person to either (a), (b), or (c) above. In forcible rape cases, it is not necessary to prove any of the above elements, thus the elements of proof in forcible rape and kidnapping cases are different.
We hold the trial court did not err by overruling the plea in bar and motion to quash the indictment. The defendant was not tried for the same offense following a conviction, neither was multiple punishment inflicted for the same offense. Defendant committed two separate offenses when he raped his kidnapped victim; therefore, he was not subjected to double jeopardy in his trial for kidnapping following his conviction for rape, neither was the state barred from prosecuting him for kidnapping under the collateral estoppel rule.

II
Defendant also argues that it was error for the trial court to admit evidence and exhibits of the crime of rape on his trial *1106 for kidnapping. It was not error to admit the evidence because evidence of other crimes is admissible to prove motive and a connection between the act proposed to be proved and the crime charged. In Gray v. State, 351 So.2d 1342 (Miss. 1977) we listed some exceptions to the rule prohibiting proof of a different crime from that which a defendant is charged with and being tried for, in the following language:
It is well settled in this state that proof of a crime distinct from that alleged in an indictment is not admissible against an accused. There are certain recognized exceptions to the rule. Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge. See, Smith v. State, 223 So.2d 657 (Miss. 1969), cert. denied 397 U.S. 1030, 90 S.Ct. 1274, 25 L.Ed.2d 542 (1970); Cummings v. State, 219 So.2d 673 (Miss. 1969); cert. den. 397 U.S. 942, 90 S.Ct. 954, 25 L.Ed.2d 122 (1970). (Emphasis added.) (351 So.2d at 1345).
The evidence and exhibits pertaining to rape were admissible in defendant's trial for kidnapping to show the motive for the kidnapping.

III
Defendant also argues it was error to admit photographs of the arms of prosecutrix taken fifteen days after the incident because the photographs were irrelevant and unduly prejudicial to the defendant. The photographs had evidentiary value in that they corroborated the testimony of the prosecutrix that defendant tied her arms together with wire. We have numerous decisions holding it is within the sound discretion of the trial judge to admit photographs in evidence if they supplement or add clarity to the testimony of a witness. The photographs in this case met the test.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] His conviction and sentence were affirmed by this Court in an unpublished opinion, 390 So.2d 291 (Miss. 1980).
[2] In Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 475 (1970), the United States Supreme Court stated:

"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.
Mississippi follows the collateral estoppel rule. State v. Smith, 278 So.2d 411 (Miss. 1973).
[3] In Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) the Court noted that Blockburger had been consistently relied on to determine whether Congress has, in a given situation, provided that two statutory offenses may be punished cumulatively.
[4] In White v. State, 374 So.2d 225 (Miss. 1979), we held a defendant convicted of kidnapping was improperly sentenced to life imprisonment under section 97-3-53 where it was impossible to ascertain from the indictment whether defendant had been indicted under section 97-3-53 or under section 97-3-51 which carried a maximum punishment of ten years imprisonment. We held that when the facts which constituted a criminal offense may fall under either of two statutes, or when there is a sufficient doubt as to which of the two is to be applied, the defendant should be sentenced under the statute which imposes the lesser punishment. Following our decision in White the legislature repealed section 97-3-51 Miss.Gen. Laws, Ch. 394 (1980), effective from and after April 28, 1980. This action of the legislature left section 97-3-53 Mississippi Code Annotated (Supp. 1974) in effect.