BROOM, Presiding Justice, for the Court:
Aggravated assault “by driving into ... Joe Parker with an automobile ...” is the offense with which the defendant/appellant, Billy Joe Buchanan, was indicted, tried and convicted in the Circuit Court of Clay County. Mississippi Code Annotated § 97-3-7(2)(a) (Supp.1980).[1] Defendant Buchanan was sentenced to a term of ten years imprisonment. Arguing that (1) state instruction No. 2 was an erroneous instruction, and (2) his requested defense instruction No. 3 was erroneously refused by the trial court, he appeals. We affirm.
The facts of the case are that on October 16, 1981, defendant Buchanan and his victim, Joe Parker, were at the Triangle Club in Clay County. Apparently most of the people present, including the defendant and Parker, his victim, were drinking and a fight erupted in which both Buchanan and Parker were involved. After the fighting subsided, Parker got on his motorbike and was driving down a public road headed to a friend’s house. It was dark, and a car, admittedly driven by the defendant Buchanan, came up from behind him and rammed into him (Parker). Parker stated that he saw no lights from the car behind him, but that it just hit him and pushed him *698 about 300 feet until he jumped off. In the incident he suffered crushed ribs, broken pelvis, a hole in his head, and a collapsed left lung. Some time later, Parker was found lying on the left side of the road, after which an ambulance came and carried him to the hospital.
After the state rested its case, Buchanan’s wife, Linda, took the stand and testified about the events of the evening. She testified about the fight at the nightclub. After the fight, according to her testimony, she and the defendant, her husband (who did not testify), were driving down a road when they hit someone on a motorcycle. They went farther down the road, turned around, passed the scene and went home. Her version was that her husband lost control of the car, hit the brakes, and then' struck the motorcycle. She admitted having consumed a quantity of mixed drinks, but it is undisputed that the incident in which Parker was injured by being struck while on the motorcycle actually occurred.
First issue is whether the trial court committed reversible error in granting, over objection of the defense, instruction No. 2, in the following language:
The Court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Billy Joe Buchanan, did on or about October 16, 1982, unlawfully, wilfully, and feloniously cause bodily injury to Joe Parker, a human being, recklessly under circumstances manifesting extreme indifference to the value of human life by driving into Joe Parker and striking him with an automobile, then you shall find the defendant guilty as charged.
The argument is that the instruction “is not a correct statement of the applicable law .... ” He argues further that “by granting state’s instruction No. 2 which equated culpable negligence with simply having an automobile accident”, the trial court granted what amounted to a peremptory instruction. His view is that by giving the instruction the court “instructed the Jury that the mere fact that the Defendant was driving an automobile and struck Joe Parker was sufficient to find the Defendant guilty of aggravated assault ... . ”
§ 97-3-7(2)(a), supra, defines aggravated assault as follows:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life

Our analysis of the instruction and the statute reveals that the instruction substantially tracks the language of the statute, thereby defining the nature of the offense charged and correctly informing the jury of the necessary elements of the aggravated assault offense which they were to consider and return a verdict accordingly-
Pertinent is Nelson v. State, 361 So.2d 343 (Miss.1978), which states:
The facts of this case require us to define the acts proscribed by the statute and which constitute aggravated assault. The statute provides:
A person is guilty of aggravated assault if he ... causes such injury recklessly under circumstances manifesting extreme indifference to the value of human life.
We hold these words are analogous to our definition of culpable negligence in homicide cases set forth in Smith v. State, 197 Miss. 802, 20 So.2d 701 (1945) as follows:
[Cjulpable negligence should be defined as the conscious and wanton and reckless disregard of the probabilities of fatal consequences to others as a result of the wilful (sic) creation of an unreasonable risk thereof. (197 Miss, at 871, 20 So.2d at 705).
Id., at 344 (Footnotes omitted). See also: State v. Clements, 383 So.2d 818 (Miss.1980).
According to the instruction under consideration, the jury was told in substance that before returning a verdict of guilty, it must find that the defendant struck Parker *699 with an automobile, and that the action of the defendant in so doing was in manner that was reckless under the circumstances, and manifested extreme indifference to human life. We think the instruction was proper, according to our prior decisions: Clements, supra, Nelson, supra, and Gray, supra.
Second argument made is that the lower .court committed reversible error in refusing the defendant’s requested instruction D-3, which is in the following language:
The Court instructs the Jury that the causing of an injury recklessly under circumstances manifesting extreme indifference to the value of human life is analogous to the definition of culpable negligence, which necessarily involves a foreseeable risk, and the fact that an injurious result was a possible result does not establish criminal responsibility. The result must have been one which the accused should have reasonably anticipated. The ordinary care of a reasonably prudent individual does not demand that he provide for or anticipate an unusual extraordinary occurrence.
Culpable negligence consists of more than simple or gross negligence.
Argument of the defense is that “[s]ince State’s Instruction Number Two which was given contained an incorrect statement of the applicable law, a further instruction was necessary so that the Jury would have a full and correct statement of the law in Mississippi upon which to base their verdict upon hearing the testimony in the case.”
We think rejection of the instruction requested does not require reversal. The instruction’s verbiage “indifference to the value of human life, is analogous to the definition of culpable negligence, ...” is abstract and simply not needed as guidance for jurors. Regardless of that, we think that all of the instructions considered together were sufficient guidance to the jury.
Among the instructions granted were those granting the defendant the benefit of the presumption of innocence, and telling the jury that the fact that defendant Buchanan did not testify would not result in any “inference of any kind” being drawn against him for failure to testify. Another instruction advised the jurors that they could find the defendant either “guilty as charged” or “not guilty”. Thus we find no reversible error as regards the granting or rejection of jury instructions.
Excerpted from the record is the following testimony of Joe Parker (victim of the aggravated assault) which the jury accepted and clearly shows that the striking of Parker was not a mere accident or simple ordinary negligence:
I turned off and started up there, a set of headlights come on right behind me, and a car hit me; hit me and knocked me up the road, and then hit me again and started pushing the bike up the road; raced the motor wide open and started pushing the bike up the road.
Linda Buchanan testified that when the car driven by her husband (the defendant) hit the motorcycle they just kept going. They went some distance and came back by the scene and still did not stop. She said she “was afraid to stop.” Nothing indicates that her husband or she offered to help the victim or reported the accident to any law officer.
Upon the evidence presented, we cannot say that it was insufficient or that reversal is warranted regarding the jury instructions. Accordingly, the case must be affirmed.
AFFIRMED.
PATTERSON, C.J., and ROY NOBLE LEE, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
DAN M. LEE, J., concurs in part and dissents in part.
WALKER, P.J., and BOWLING, J., dissent.

. Gray v. State, 427 So.2d 1363, not yet reported, construed § 97-3-7 as applicable when an automobile is the instrumentality which strikes a person.