ROY NOBLE LEE, Justice,
specially concurring:
I concur with the result reached in the majority opinion but I do not agree with all the reasoning and discussion leading to that conclusion.
As stated in the majority opinion, the appeal asks the question as to what extent the findings of fact of one administrative agency may be binding on subsequent proceedings before another agency when similar fact questions are involved.
Here, the Court is confronted with the decisions of two administrative bodies acting under two separate statutes, viz, the Board of Trustees of the Philadelphia Municipal Separate School District (PMSSD), which is concerned with interpretation of the School Employment Procedures Law of 1977 [Mississippi Code Annotated § 37-9-101, et seq. (Supp.1982) ], and the Mississippi Employment Security Commission (MESC), which is faced with application of the Mississippi Employment Security Law [Mississippi Code Annotated § 71-5-1, et seq. (1972)]. The decision of PMSSD, declining to renew the teacher contract of Bobby E. Winstead, was appealed to the Chancery Court of Neshoba County where it was affirmed. The decision of MESC, awarding unemployment benefits to Win-stead, was appealed to the Circuit Court of Neshoba County, Mississippi, which reversed MESC and denied unemployment benefits, largely on account of the Chancery Court of Neshoba County, Mississippi, decree affirming the decision of PMSSD. That judgment was appealed here and is the subject under consideration. A part of the abstract, at page 5, recites the following statement of the circuit judge:
I have reviewed the record in this case and was advised that Mr. Winstead had appealed his discharge from the Philadelphia Municipal Separate School District to the Chancery Court of Neshoba County, assigning therein almost identical errors as issues raised in this case before me. I have carefully considered the sworn testimony produced in the trial before the Chancery Court. I have reviewed the Chancellor’s Decree wherein it was determined that the decision of the School Board was (a) supported by substantial evidence, (b) was not arbitrary or capricious, (c) was not in violation of any statutory or constitutional rights of Mr. Winstead, and the same was affirmed.
At page 395, the majority opinion states that the circuit judge vacated the order of the Board of Review of the MESC and that
He must have had in mind the doctrine of collateral estoppel, though it is not mentioned in his ruling. For we can fathom no other theory under which that occurring in the teacher non-reemployment proceedings may be said, in and of itself to require reversal of the decision of the MESC Board of Review.
The next six pages of the opinion are consumed in a discussion of the doctrine of collateral estoppel. The briefs do not mention or raise the question of collateral estop-pel, nor, as stated, does the circuit judge base his order upon collateral estoppel.
In my view, the circuit judge did not consider collateral estoppel, and I do not *401 think that it is necessary or appropriate for a decision in this case. When issues litigated are the same, collateral estoppel applies. If issues are separate and distinct, each having essential elements not requisite to the other, collateral estoppel does not apply. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Otis v. State, 418 So.2d 65 (Miss.1982), Hughes v. State, 401 So.2d 1100 (Miss.1981); State v. Clements, 383 So.2d 818 (Miss.1980).
The proceedings before PMSSD under the School Employment Procedures Law of 1977 were separate and distinct from the proceedings before MESC, applying the Mississippi Employment Security Law. There was no real issue or question before PMSSD, the only requirement being that, under the School Employment Procedures Law of 1977, where Winstead’s contract was not renewed at its expiration, he was entitled to a hearing upon his request. There was no necessity of finding a reason why the contract was not renewed, except that, if Winstead raised a violation of his constitutional rights, the school board would be required to negate that claim.[1] On the other hand, in order for Winstead to be disqualified for unemployment benefits under the Mississippi Employment Security Law, PMSSD would have to show that Win-stead’s conduct was such that the Board could not tolerate a renewal of the contract. While in the hearing before PMSSD the reasons for not renewing the contract were shown, the issue was not developed, and there was no need to develop same, as was required before the MESC Board of Review. There may be overlapping evidence and facts in cases involving the same parties on different issues, but they do not necessarily invoke the doctrine of collateral estoppel.
I think that the learned circuit judge, after reviewing the record, gave great weight to the decision of the chancery court, which had already been rendered, and which court stands on an equal footing with the circuit court. He simply was led into error by that decision and record and overlooked the fact that, in the separate hearing before him, the sole question was whether or not the MESC Board of Review acted arbitrarily and capriciously in allowing unemployment benefits, and whether or not the decision was supported by substantial evidence.
WALKER and BROOM, P.JJ., join this opinion.

. Such as claiming a school contract was not renewed because of joining a labor union. Jackson v. Hazlehnrst Mun. Sep. Sch. Dist., 427 So.2d 134 (Miss.1983). See also, Majority Opinion, p. 397.