# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CT-00756-SCT

*JAMES ROBERT GOODIN*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/09/2006 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF LEE COUNTY ARE AFFIRMED IN PART AND REVERSED AND REMANDED IN PART - 03/20/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1. The defendant was convicted of rape and sexual battery. The Court of Appeals affirmed both convictions, and the defendant filed a petition for certiorari review. Although the Court of Appeals correctly affirmed the rape conviction, we granted certiorari to address the trial court's jury instructions on the charge of sexual battery. Because the trial court gave

an incorrect jury instruction concerning the elements of the crime, we must reverse and remand for a new trial on the charge of sexual battery.

## STATEMENT OF FACTS AND PROCEEDINGS

¶2.    James Robert Goodin was indicted on two counts of forcibly raping T.L.  Count I alleged that Goodin had forcibly inserted his penis inside her vagina, and Count II alleged that Goodin had forcibly inserted his penis inside her rectum.

¶3.    T.L. is a twenty-four-year-old woman who took special education classes in high school.  She is unable to read and write.  T.L. testified that, on numerous occasions, Goodin made her take off her clothes.  Goodin then stuck his penis in her mouth, inside "between her legs," and inside her "behind."  T.L. stated that when these incidents occurred, she could not get away from Goodin.  Additionally, T.L. testified that she told Goodin to stop but he did not respond to her instruction.

¶4.    Chris Hopkins testified that he twice caught Goodin "messing with T.L."  Hopkins explained that the first time, Goodin was alone in a shed with T.L.  When Hopkins opened the shed, Goodin was buttoning his pants and buckling his belt.  The second time, he caught Goodin "laying in bed with T.L. messing with her."

¶5.    V.H., T.L.'s twenty-year-old sister, testified that when Hopkins told their mother about what happened between Goodin and T.L., Goodin beat Hopkins with a baseball bat. V.H. also testified that on five or six occasions, Goodin came into the bedroom that she shared with T.L. and took T.L. to his bedroom.

¶6.    Goodin and his wife, Nancy Goodin, testified that the alleged incidents of sexual misconduct did not occur.

2

¶7.    After the state and defense finally rested, the court heard objections to jury instructions. The court sua sponte raised an issue with Count II of the indictment. Count II, which charged Goodin with rape, stated that he had inserted his penis into the rectum, not the vagina, of T.L. The state agreed that, under Mississippi law, the act of rape requires penetration of the vagina, while the penetration involved in sexual battery is not limited to the vagina. Over objection of defense counsel, the court allowed the state to amend Count II of the indictment to charge Goodin with sexual battery.

¶8.    The jury found Goodin guilty of Counts I and II. He was sentenced to life in prison for Count I and to thirty years in prison for Count II, with both sentences to run concurrently. Goodin's appeal was assigned to the Court of Appeals, which affirmed both convictions. Goodin filed a Petition for Writ of Certiorari, arguing that he was wrongfully convicted on both counts. Although we found no reversible error as to the rape conviction, we granted certiorari to review the conviction for sexual battery.

## ANALYSIS

¶9.    The only issue this Court will address is whether the trial court erred by giving an improper jury instruction on sexual battery. All other issues were fully and correctly addressed by the Court of Appeals and we adopt herein the Court of Appeals' analysis on those issues. *See **Goodin v. State***, 2007 Miss. App. LEXIS 298 (2007).

¶10.    Jury instructions are not read in isolation, but must be read as a whole. ***Rushing v. State***, 911 So. 2d 526, 537 (Miss. 2005). When reading the instructions as a whole, this Court must determine if the jury was properly instructed. ***Burton ex rel. Bradford v. Barnett***, 615 So. 2d 580, 583 (Miss. 1993).

3

¶11.    The trial judge allowed the state to amend the indictment.  Allowing an amendment to the indictment after the close of evidence does not, standing alone, constitute reversible error.  An indictment may be amended without action of the grand jury if the amendment is one of form and not of substance.  **Spann v. State**, 771 So. 2d 883, 898 (Miss. 2000).

¶12.    In **Lee v. State**, this Court held:

> Amendments to an indictment are permissible if they do not prejudice the defendant by (1) materially altering the essential facts of the offense or (2) materially altering a defense under the original indictment.  Thus, taken together, this authority sets forth the following test for analyzing an amendment to an indictment for the purpose of removing surplusage: (1) the removal of the surplusage must not change the substance of the offense charged; (2) the defendant must be afforded a fair opportunity to present a defense and must not be unfairly surprised; (3) the removal of the surplusage must not materially alter the essential facts of the offense; and (4) the removal of the surplusage must not alter a defense under the original indictment.

**Lee v. State**, 944 So. 2d 35, 40 (Miss. 2006).

¶13.    So long as the rules above are followed, amended indictments will not violate the requirement that the original indictment must clearly and correctly state the charge and include all necessary elements of the offense.  **Buchanan v. State**, 427 So. 2d 697, 698 (Miss. 1983).  In this case, amending the indictment resulted in no prejudice or harm to Goodin's ability to present a defense.  The only change allowed by the trial court was the name of the crime.  The conduct charged against Goodin was clearly set forth in the original indictment, and it did not change.

¶14.    The jury instruction on the amended charge, however, allowed the jury to convict Goodin of conduct that is not a crime.  The final instruction given to the jury stated, in pertinent part,

4

If you find from the evidence in this case beyond a reasonable doubt that the defendant, James Robert Goodin, did willfully, unlawfully and feloniously commit a sexual battery upon [T.L.], a human being by inserting his penis into [T. L.] rectum, then you shall find the defendant, James Robert Goodin, guilty of sexual battery as charged in Count II of the indictment.

¶15. The Mississippi Code defines sexual battery, in relevant part, as "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: (a) Another person without his or her consent." Miss. Code Ann. § 97-3-95 (Rev.2006).

¶16. The instruction given to the jury regarding sexual battery did not require the jury to find that the penetration was without consent, as required by the statute. In other words, the instruction authorized the jury to find Goodin guilty of sexual battery without finding beyond a reasonable doubt that the sexual conduct was without the consent of the victim. "Because the state has to prove each element of the crime beyond a reasonable doubt, then the state also has to ensure that the jury is properly instructed with regard to the elements of the crime." *Hunter v. State*, 684 So. 2d 625, 635 (Miss. 1996).

¶17. In this case, it is impossible to know if the jury found that the state proved each element of the crime beyond a reasonable doubt, because the jury was not informed that one of the elements of the crime is lack of consent. Because this element was missing from the jury instruction, the trial court failed to properly instruct the jury on the crime of sexual battery.

**CONCLUSION**

¶18. Finding no error regarding Goodin's conviction for rape, his conviction and sentence under Count I of the indictment are affirmed. Because the jury was not properly instructed

5

regarding the elements of the crime of sexual battery, Goodin's conviction for sexual battery under Count II of the indictment is reversed and we remand for new trial.

¶19. **THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF LEE COUNTY ARE AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. COUNT I: CONVICTION OF RAPE AND SENTENCE OF LIFE IMPRISOMENT IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT II: REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION**.

**EASLEY, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶20. As I would affirm both convictions, I respectfully concur in part and dissent in part with the majority's opinion. I concur with the majority's affirmance of the rape conviction in Count I. However, I dissent to the majority's reversal and remand of the sexual battery conviction in Count II.